Mitchell v. Robertson.

## MITCHELL, use, &c. v. ROBERTSON.

1. In an action of ejectment, if the plaintiff shows a superior *legal* title, unless estopped from asserting it, he must recover, whatever may be the equities of the parties.

2. Where the purchase money, for land, is paid by *one* person, and the deed is taken in the name of *another*, the former acquires but an equitable estate, a sale of which, under execution at law, vests no title in the purchaser.

3. A judgment, in an action of trespass to try titles, is not conclusive, either upon the plaintiff, or the defendant, in a subsequent suit for the same land.

Error to the Circuit Court of Fayette. Before the Hon. George W. Stone.

This was an act of trespass, to try titles to a tract of land. The facts were agreed upon, and are as follows: The Bank of the State of Alabama, recovered a judgment for $400, in the county court of Tuscaloosa county, at its February term, 1839, against William Wilson and Fleming J. Thompson, on which execution issued, and was levied by the sheriff of Fayette county, on the 4th July, 1839, upon the land in controversy. The levy having been made too late to sell, before the return day of the execution, it was returned to the court whence it came, and a *venditioni exponas* was thereupon issued, commanding the sheriff to sell the land levied on, which he did on the first Monday in October, 1839, to the plaintiff, at the price of $661, and executed to him a deed for the same. The money with which the purchase was made, was the money of one Samuel Christman, and at

his request, the deed was made to the plaintiff, for the use of John M. Christman, the son of the said Samuel Christman. At the time of the sale, Thompson, one of the defendants in the judgment, had a *fee simple* title to the land, and it was agreed between him and Samuel Christman, that he, Thompson, should retain the possession of the land, and might redeem it by paying the purchase money, which he did, in a year or two afterwards. The agreement between Samuel Christman, and Thompson, was never reduced to writing. At the February term, 1839, of the county court of Fayette, a judgment was rendered for $989, in favor of Ross, Strang & Co., against Michael Christman and Samuel Christman, on which execution issued, and was on the 2d December, 1839, levied by the sheriff of Fayette on the said land. On the 6th January, 1840, the land was sold by the sheriff, and one Lindsay became the purchaser, and received a deed from the sheriff. In 1842, one R. H. Poe, to whom Lindsay had conveyed the land, instituted an action of trespass to try titles, against Thompson, who was then in possession, and recovered a judgment against him, under which he was evicted. Thompson defended this suit, and relied on the title of the plaintiff, Mitchell. Poe afterwards sold the land to the defendant in this suit. The annual rent of the land has been worth $75. On this state of facts, the court rendered judgment for the defendant, to which the plaintiff excepted, and now assigns it as error.

P. & J. L. MARTIN, for plaintiff in error.

DARGAN, J.—In an action of ejectment, if the plaintiff shows a superior legal title, and he is not estopped, in any manner from asserting it, he must recover; for a court of law can look to the legal title alone, without any regard to the equity of the parties.

It is admitted, that Thompson was seized *in fee* of the premises, and whilst he was so seized, a judgment at law, was recovered against him, by the State Bank, on which execution issued, and was levied on the land on the 4th day of July, 1839. This execution was returned, and a *venditioni exponas* issued, by which the sheriff was com-

manded to sell the land previously levied on by him. The land was sold under this process, and the plaintiff bid it off, but the money was paid by Samuel Christman, the father of John M. Christman, for whose use this suit is brought. The sheriff, under the directions of Samuel Christman, executed the deed to the plaintiff, for the use of John M. Christman. It was agreed, however, between Thompson and Samuel Christman, that Thompson might redeem the land, by paying to him the purchase money bid at the sale, but this agreement does not appear to have been reduced to writing. Thompson remained in possession of the land, and, in a year or two afterwards, re-paid to Samuel Christman, the amount bid at the sale.

It is evident, that the legal title passed out of Thompson, the tenant *in fee*, and by the sheriff's deed, became vested in the plaintiff. He must therefore recover, unless he has been divested of this title, or unless he is estopped, in a court of law, from asserting it.

The defendant claims title, under a judgment at law, rendered in favor of Ross, Strang & Co., against Samuel Christman, who paid the purchase money at the sale, under the execution against Thompson. The levy, under the execution in favor of Ross, Strang & Co., was made the 6th of December, 1839, and the sale took place in January, 1840. At this sale, one Wilson became the purchaser, who conveyed to Poe, under whom the defendant claims title.

Although the purchase money was paid by Samuel Christman, and a court of equity would subject the land to the payment of his debts, existing at the time, if they could not have been satisfied by process at law; yet it is very clear, that the legal title did not vest in him, by the sheriff's deed, executed to the plaintiff. The title to real property lies in grant, and cannot be acquired by purchase, unless by some written instrument, showing the title to be vested in the purchaser. The mere payment of the purchase money, without deed to the purchaser, gives him but an equitable, not a legal title.

The judgment at law, in favor of Ross, Strang & Co., against Samuel Christman, could not create a lien on this equity; and the sale by the sheriff in January, 1840, could

not convey to Wilson the legal title, because the defendant in execution, did not have a title at law. A sale by a sheriff, can only convey the legal title of the defendant in execution.

But it is contended, that the plaintiff is estopped from asserting his title at law, because Raza H. Poe, to whom Wilson conveyed, sued Thompson, the original owner, who defended himself, under the title of this plaintiff, but was evicted by a court of competent jurisdiction, in an action of trespass to try titles.

The action of trespass, to try titles, is given by statute as a substitute for the action of ejectment. A plaintiff may elect to bring the one, or the other. If he brings trespass to try titles, instead of ejectment, the judgment in this action will not conclude the title, either of plaintiff or defendant. No other or greater effect can be given to a judgment rendered in an action of trespass, to recover real property, than the law attaches to the action of ejectment. A trial and judgment in an action of ejectment, does not conclude the title, of either plaintiff or defendant, nor can a judgment, rendered in an action of trespass to try titles. See Camp v. Forrest et al. 13 Ala. 114.

We find, then, the legal title in the plaintiff, and he is not estopped from asserting it. We must, therefore, reverse the judgment rendered by the circuit court, and judgment must be here rendered for the plaintiff, that he recover the premises described in the declaration, and also the damages for the detention, which are admitted to be at the rate of $75 per annum, and which amount, in the whole, to $225.