[Searcey v. Oates.]

# Searcey v. Oates.

*Statutory Real Action in nature of Ejectment.*

1. *Legal and equitable titles.*—In ejectment, or the corresponding statutory real action, the court can not look beyond the legal title: if the plaintiff shows a superior legal title, he must recover, without regard to any equities existing between the parties.

2. *Sheriff's sale under execution; statutory right of redemption.*—When lands are sold under execution, and a deed executed by the sheriff to the purchaser, whatever legal estate or interest the defendant in execution had is divested out of him, and vested in the purchaser, and nothing remains in the defendant but the naked right of redemption (Code, §§ 2877-80), to be perfected and enforced in the manner prescribed by the statute.

3. *Assignment of right of redemption, and tender or offer to redeem by assignee.*—A tender, or offer to redeem, on compliance with the terms of the statute, by the judgment debtor himself, "re-invests him with the legal title;" but the statute does not extend to his alienee or assignee, whose rights, if any passed by the assignment (a question which is not decided), can only be enforced in equity.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. H. D. CLAYTON.

This action was brought by William C. Oates, against Britton Searcey, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 13th February, 1877. The defendant pleaded "the general issue, in short by consent," and a special plea averring that the lands sued for belonged to his wife, Mrs. Christian A. Searcey, as her statutory estate, and that he held possession as her trustee; and Mrs. Searcey was made a party defendant, on her own motion. The plaintiff claimed title under a deed from F. M. Fain, who held under a sheriff's deed as the purchaser at a sale under execution against said Britton Searcey; and he proved on the trial, as the bill of exceptions shows, the judgment and execution against Searcey, the levy and sale under the execution, the sheriff's deed to Fain as the purchaser, and the conveyance to him by Fain and wife. The judgment against Searcey was rendered on the 24th September, 1874; the execution was issued on the 12th October, 1874, and was levied on the 1st December; the lands were sold, under the levy, on the first Monday in March, 1874, on which day, also, the sheriff's deed to Fain, as the purchaser at the sale, was dated and executed; and the deed of Fain and wife to the plaintiff was dated March 23d, 1876.

[Searcey v. Oates.]

The defendants offered in evidence a deed dated March 19th, 1875, by which said Britton Searcey conveyed all his estate and interest in said lands, with others, to his wife, in consideration of an alleged indebtedness to her for moneys belonging to her statutory estate, being her distributive share of the estate of her deceased father; which the said Britton Searcey received as her trustee, and invested in lands in his own name, and, these lands being afterwards sold, the proceeds of sale were finally invested in the lands conveyed to her. They also read in evidence the record of a chancery suit, in which Mrs. Searcey was complainant, and her said husband was defendant; the bill being filed on the 15th October, 1875, and alleging, substantially, the same facts as to the husband's receipt of moneys and investment thereof in lands in his own name, and praying that the title to the lands might be vested in the complainant by the decree of the court; and the decree, granting relief as prayed, being rendered on the 16th October, 1875. "The defendants then proved that, within the time allowed by law, Mrs. Searcey offered to redeem said lands from plaintiff, by complying with the law in such cases made and provided; and that plaintiff denied her right to redeem, and refused to allow her to redeem, but proposed that she might do so, if she would pay the balance due on the execution; and it was agreed and understood between her and plaintiff, that, if she had the right to redeem, plaintiff offered to credit, and did credit said Britton Searcey, upon said judgment, with the sum so offered by Mrs. Searcey, as provided in section 2514 of the Revised Code; and Mrs. Searcey made no further offer to redeem said land.

" This being all the evidence, the court charged the jury, on the written request of the plaintiff, that they must find for the plaintiff, if they believed the evidence. The defendants excepted to this charge, and requested the court, in writing, to instruct the jury, that if they believed, from all the evidence, that Mrs. Searcey offered to redeem the lands from the plaintiff, within the time allowed by law, and according to the requirements of the law in such cases made and provided, then such offer to redeem vested in her the legal title to said lands, and divested the same out of the plaintiff, and the plaintiff can not recover in this action. The court refused to give this charge, and the defendants excepted."

The charge given, and the refusal of the charge asked, are now assigned as error.

JESSE A. CORBITT, for appellant.

S. H. DENT, contra.

[Searcey v. Oates.]

BRICKELL, C. J.—In the action of ejectment, or in the corresponding statutory real action, if the plaintiff shows a superior legal title, he must recover, without regard to the equities of the parties; for a court of law cannot look beyond the legal title.—*Mitchell v. Robertson*, 15 Ala. 412. Both parties deduce title from Britton Searcey; the appellee claiming from a purchaser at sheriff's sale, under execution against Searcey; and the appellant, because of an offer to redeem made under the statute, to the appellee, after the conveyance to him, and within two years from the sale by the sheriff. The right of redemption is claimed by the appellant, Mrs. Searcey, under a conveyance of the lands made to her by the defendant in execution, after the sale by the sheriff.

When the sale by the sheriff was consummated, by the delivery of the deed to the purchaser, the legal estate of the defendant in execution, or whatever of title or interest he had in the premises subject to levy and sale under execution, was divested, and was vested in the purchaser. There remained nothing in the defendant in execution, but the naked, statutory right of redemption, which was lost, if within ten days after demand made by the purchaser, or his vendee, possession was not surrendered; and was lost irretrievably, if, within two years, he did not pay, or tender to the purchaser, or his vendee, the purchase-money, ten per cent. *per annum* interest, and all other lawful charges.—Code of 1876, §§ 2877–79; *Spoor v. Phillips*, 27 Ala. 193; *Morris v. Bebee*, 54 Ala. 300; *Sanford v. Ochtalomi*, 23 Ala. 669; *Paulling v. Meade*, *Ib.* 505.

Whether this statutory right of redemption is alienable, or assignable, we do not now determine. If it is, the alienation, or assignment, can pass no more than the right residing in the defendant; it cannot pass a right, or interest, or estate in the land, for none remains in the defendant. All it can pass, is the right of the defendant, on compliance with the statute, to repurchase the lands. This right, prior to the present statute, the defendant could assert and enforce only in equity.—*Smith v. Anders*, 21 Ala. 782. Under the present statute, the effect of a compliance, or tender of compliance, with the statutory terms of redemption by the debtor, is, *to re-invest him with the title*. The statute cannot be extended to an alienee, or an assignee, clothing or *re-investing* him with a title which never resided in him. Its whole purpose is the restoration of the judgment-debtor to his original estate. If his assignee, or alienee, can acquire the statutory right of redemption, the right must be asserted and enforced in equity, and not at law.

The result is, the appellant had not, in any event, any

other than an equitable right to compel the appellee to convey to her the title to the premises which passed by the sheriff's sale, and that right a court of law could not recognize. There is, of consequence, no error in the rulings of the Circuit Court, and its judgment is affirmed.