# Seals *v.* Pheiffer & Co.

*Bill in Equity by Creditors to set aside Fraudulent Conveyance.*

1. *Multifariousness.*—A bill filed by simple-contract creditors (Code, § 3886), seeking to set aside, on the ground of fraud, a conveyance executed by their deceased debtor to his wife, and to subject the property to the satisfaction of their debts, and also to compel the settlement of a subsequent assignment by the debtor for the benefit of his creditors, to remove the trustee, and to have a receiver appointed for the assets in his hands, is multifarious, since the debtor's wife has no interest in the litigation concerning the property conveyed by the assignment, and the assignee has no interest in the litigation about the property conveyed to her.

2. *Conveyance by husband to wife; validity as against creditors.*—The conveyance by a husband to his wife, here assailed by subsequent creditors on the ground of fraud, was held fraudulent and void, on substantially the same facts, in the case of *Seals v. Robinson & Co.*, at the last

term (which see, in 75 Ala. 363) ; and the court adheres to the conclusion then announced.

3. *Purchase at sheriff's sale, by fraudulent grantee.*—A fraudulent grantee of property may become the purchaser at a sale under execution having a paramount lien, and thereby acquire a title which will prevail over subsequent creditors seeking to set aside his conveyance on the ground of fraud, leaving them nothing but the statutory right of redemption.

4. *Statutory right of redemption ; not extended in equity.*—The right of redemption, given by statute to judgment creditors (Code, §§ 2881–82), can not be extended by a court of equity to creditors by simple contract only, although their debts are ascertained and adjudged by the decree.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 21st September, 1882, by Pheiffer & Co., merchants and partners doing business in the city of New York, and several other creditors of S. J. Seals, deceased, who was, at the time of his death, or a short time before, engaged in business as a merchant in the town of Troy in said county of Pike ; against Mrs. R. C. Seals, the widow, and the several minor children of said decedent, and against W. A. Weldon, who was the father of Mrs. Seals ; and sought to set aside, on the ground of fraud, a conveyance of property executed by said decedent to his wife, and to have the property subjected by sale to the satisfaction of the complainants' debts. The conveyance to Mrs. Seals, a copy of which was made an exhibit to the bill, was dated the 17th June, 1881, but was not filed for record until the 9th January, 1882 ; and the bill alleged that it was fraudulently ante-dated, or, if executed and delivered on the day of its date, was fraudulently withheld from record, and that the complainants' several debts were contracted on the faith of the property conveyed by it, and in ignorance of its existence. The consideration recited in the deed was natural love and affection, and the property conveyed consisted of two brick store-houses and other lots situated in the town of Troy, which the bill alleged was all the real estate then owned by said S. J. Seals. The complainants' debts, or most of them, were contracted after the date of this conveyance ; and the bill sought to set it aside on the ground of fraud in fact.

Said S. J. Seals died, intestate, on or about the 29th February, 1882, having executed, a few days before his death, a deed of assignment conveying all his property (except the exemptions allowed him by law), by general words of description, to said W. A. Weldon as trustee, for the benefit of all his creditors equally, authorizing him to sell the property, and to apply the proceeds to the payment *pro tanto* of his debts. The execution of this assignment was alleged in the original bill, and the trustee was made a defendant to the bill, but no relief was

asked against him; and it was also alleged that no letters of administration had ever been granted on the estate of said decedent, and that there was no necessity for any administration, as he left no property subject to administration. An amended bill was afterwards filed, alleging the grant of administration to the sheriff *virtute officii*, and making him a party defendant; alleging, also, that said Weldon, the trustee in the deed of assignment, had failed and neglected to collect the assets which were available for the payment of debts, had failed to redeem the real estate conveyed to Mrs. Seals (which had been sold under execution), although it brought much less than its real value, and he had ample funds to redeem it, and had been guilty of other violations of his duty as trustee; and therefore praying that he be compelled to make a settlement of his accounts as trustee, that he be removed, and that a receiver of the property and assets be appointed.

A guardian *ad litem* was appointed for the infant defendants, and filed a formal answer for them. An answer to the original bill was filed by Mrs. Seals, and also an answer to the amended bill; in which she denied the charges of fraud, asserted the validity of the conveyance to her, and set up a purchase by her of a part of the property at sheriff's sale, under an execution older than the date of her deed of gift; and in her answer to the amended bill she incorporated a demurrer, on the grounds of multifariousness, misjoinder, and want of equity. The trustee and the administrator, each, adopted the answer and demurrer of Mrs. Seals, and each insisted that he had no right to attack the deeds executed by the decedent, or to redeem the property sold under the execution. The deed of gift to Mrs. Seals, here assailed on the ground of fraud, is the same deed which was assailed by creditors in the case of *Seals v. Robinson & Co.*, at the last term (75 Ala. 363); and the depositions taken in that case were, by consent, used in this.

The chancellor overruled the demurrer, on all the grounds specially assigned; and on final hearing, on pleadings and proof, holding that the complainants were entitled to the relief sought by their bill, he declared the deed to Mrs. Seals to be fraudulent and void as against them, and ordered the property to be sold by the register, unless the amounts ascertained and adjudged to be due to the several complainants respectively were paid within ten days after the adjournment of the court; further declaring that said sale "is subject to any rights acquired by G. F. Holloway and Mrs. R. C. Seals in the purchase of any of said property at the sheriff's sale, the said complainants being allowed to pay to each of said purchasers (G. F. Holloway and R. C. Seals) the amount paid by them respectively at said sheriff's sale, with interest at the rate of ten

[Seals v. Pheiffer & Co.]

per-cent. *per annum*, and all other lawful charges, for improve-
ments or otherwise."

The appeal is sued out in the name of R. C. Seals *et al.*; and
the errors assigned are, the overruling of the demurrers to the
bill, and the final decree.

M. N. CARLISLE, for the appellants.—(1.) The bill, as
amended, was demurrable for multifariousness, and also for
misjoinder; Mrs. Seals having no interest whatever in the
litigation with the assignee, and he having no connection with
the litigation concerning the conveyance to her.— *McIntosh v.
Alexander*, 16 Ala. 87; *Chapman v. Chunn*, 5 Ala. 597; *Ken-
nedy v. Kennedy*, 2 Ala. 573; *Colburn v. Broughton*, 9 Ala.
351; *Meachem v. Williams*, 9 Ala. 842. (2.) As to the
validity of the deed to Mrs. Seals, the question is again sub-
mitted to the consideration of the court. (3.) Aside from the
validity of that deed, Mrs. Seals sets up her purchase at
sheriff's sale under an execution having a paramount lien;
and the validity of the title thus acquired is not assailed, but
is recognized by the decree allowing the complainants to re-
deem. (4.) Only judgment creditors have a statutory right of
redemption, and the complainants are not judgment creditors.
Code, § 2881; *Thomason v. Scales*, 12 Ala. 309.

GARDNER & WILEY, *contra*, cited *Seals v. Robinson & Co.*,
75 Ala. 363.

CLOPTON, J.—The courts have generally recognized the
impracticability of establishing any positive, definite or inflex-
ible rule, by which to determine the question of multifarious-
ness. Much discretion is necessarily left with the chancellor
in deciding on the circumstances of each case, —not an arbi-
trary discretion, but to be governed by settled principles of
equity pleading. The court endeavors to adopt such course
as "will best promote the due administration of justice, with-
out multiplying unnecessary litigation on the one hand, or
drawing suitors into needless and oppressive expenses on the
other." The rule most generally applied is, that the bill will
be held multifarious, where different claims are united in the
same bill, there being no common ligament between them
or material parts, and the case of each defendant being sepa-
rate and distinct from the other defendants.—*Kennedy v. Ken-
nedy*, 2 Ala. 571; *Meachem v. Williams*, 9 Ala. 842; *Waller
v. Taylor*, 42 Ala. 297.

The amended bill seeks to vacate as fraudulent a conveyance
of real estate made by S. J. Seals to his wife, and to subject
the property to the payment of complainants' debts, and also

to compel Weldon, to whom S. J. Seals executed an assignment for the benefit of his creditors subsequently to the conveyance to his wife, to make settlement, to remove him, and to appoint a receiver of the assets in his hands as such assignee. By reference to the bill and amendment, it is apparent that, although the complainants assert an equitable claim against both these defendants, the claims are entirely different, and that the assignee has no interest in, nor connection with the property conveyed to Mrs. Seals, and that Mrs. Seals has no interest in nor connection with the property embraced in the assignment, or the assignment itself. The case of each defendant is separate and distinct from that of the other. The union of these different claims in one bill can not be maintained on the ground of avoiding a multiplicity of suits, as not more than two suits are required to settle both claims. The demurrer for multifariousness should have been sustained. *Abernathy v. Bankhead*, 71 Ala. 190.

As the claim against Weldon as assignee does not appear to have been pressed, but to have been waived or abandoned, and as no decree was made affecting his rights, we probably would not have considered overruling the demurrer a reversible error, if the decree were correct in all other respects.

2. In *Seals v. Robinson & Co.*, at the last term (75 Ala.), the conveyance to Mrs. Seals from her husband was considered by this court on substantially the same facts contained in this record, and was then declared fraudulent as against his subsequent creditors. We find no reason to depart from the decision then made.

3. Mrs. Seals, however, sets up another title to a portion of the property. It appears that a part of the real estate conveyed to her was subsequently sold under executions having a paramount lien, a part of which was purchased by Holloway, and a part by her, at the sheriff's sale. When the property was aliened to her, she took the estate incumbered with this charge. The consummation of the sale, by the delivery of the sheriff's deed, vested in the purchasers the estate of the defendant in execution, subject to levy and sale. The title of the purchasers had relation to the origin of the lien, and overrides the conveyance to Mrs. Seals. Conceding that the conveyance is fraudulent, she had the right to purchase at the sheriff's sale; and if her purchase is *bona fide*, she acquired a valid title. The fraud of the first conveyance does not taint and vitiate a subsequent purchase in good faith. All that was left to the creditors of her husband, was the naked statutory right of redemption.

4. The right to redeem real estate, sold by the sheriff under execution, being derived from and dependent on the statute,

[Hamilton v. Maas & Brother.]

can not be exercised by any person, other than the defendant in execution, or a judgment creditor: and the right of a judgment creditor to redeem is not complete, and can not be enforced in equity; unless there has been an antecedent compliance with all the statutory requirements, or an excuse for non-compliance without fault or neglect on his part.—*Thomason v. Scales*, 12 Ala. 312; *Spoor v. Phillips*, 27 Ala. 193; *Searcy v. Oates*, 68 Ala. 111. The Chancery Court is without power or jurisdiction to confer the right on a simple-contract creditor.

The complainants, being only simple-contract creditors, can assert no claim against the property sold by the sheriff, other than by an attack on the purchase as fraudulent. This is the extent of the right, given by the statute, to a creditor without a lien. The court did not find the purchase by Mrs. Seals at the execution sale fraudulent, but treated and recognized it as valid, by decreeing that complainants might redeem. When the court ascertained the validity of the purchase against complainants, its power to dispose of the property ended, and nothing remained but to dismiss the bill as to it. The court was without jurisdiction to divest Mrs. Seals or Holloway of title, and vest it in complainants, by mode of redemption. For this error, the decree must be reversed.

Reversed and remanded.