# Seals *v.* Pheiffer & Co. *et al.*

*Bill in Equity by Creditors to set aside Conveyances as Fraud-
ulent.*

1. *Amended bills; inconsistency between.*—Where the original bill, filed
by creditors, sought to set aside, on the ground of fraud, a voluntary
conveyance by the debtor to his wife; and the wife, in her answer, set
up a subsequent purchase by her under execution sale against her hus-
band; after which the bill was amended, recognizing the validity of the
sheriff's deed, and offering to redeem under it; which amendment, on
appeal to this court, was held inconsistent and repugnant with the orig-
inal bill --*Held*, that a second amendment, striking out the former, and
attacking the validity of the sheriff's deed, on the ground that the money
paid was furnished by the husband, was properly allowed, being con-
sistent with the original bill, though inconsistent with the first amend-
ment, which was struck out.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

When this case came up on appeal to this court before
(77 Ala. 278), it stood on the original bill as then amended,
as a bill by the appellees, Pheiffer & Co., and other creditors
of one S. J. Seals, to set aside as fraudulent, two convey-
ances by said Seals—the one a deed of gift of certain lands
to his wife, Mrs. R. C. Seals, the appellant, and the other a
general assignment to W. A. Weldon, the father of appel-
lant, as trustee for the benefit of creditors therein named,
and, also, as a bill for the redemption of certain real estate
of said S. J. Seals, sold under execution at sheriff's sale, a
deed to which, under said sale, had been executed and de-
livered to Mrs. Seals. The chancellor overruled a demurrer
to the bill on the ground of multifariousness, and rendered
a decree, declaring the deed to Mrs. Seals fraudulent and
void, as against the complainants, and granting their prayer
to be allowed to redeem the property sold at said sheriff's
sale. On appeal, this court reversed and remanded the case,
holding the bill to be multifarious in embracing said two
conveyances, and that the complainants, being simple con-
tract creditors, had not the right to redeem.

After the case had been remanded, the complainants
amended their bill in conformity with the decision of this
court, by striking out all that portion relating to said deed
of assignment and by striking out the offer to redeem.

The bill, as previously amended, contained allegations as

to the sheriff's deed, which were, in substance, that although
Mrs. R. C. Seals was named therein as purchaser, yet S. J.
Seals furnished the purchase-money and was, in fact, the pur-
chaser, and the testimony tended to prove these allegations.
These and the other material allegations of the original and
amended bills, were denied by Mrs. Seals in her answer.

This being the state of the pleadings, the cause was sub-
mitted for final decree and held by the chancellor for consid-
eration in vacation; and, in vacation, a decree was rendered,
setting aside the submission, reinstating the cause on the
trial docket, allowing the complainants to file an amended
bill, and both parties to re-examine witnesses and take ad-
ditional testimony, if they saw proper. This decree was
rendered upon the ground, that the allegations and prayer
of the bill as amended, were not sufficient to entitle the
complainants to have the sheriff's deed declared void as to
them, although the proof authorized it. At the time this
decree was rendered, the bill did not allege that complain-
ants' debts were in existence when the sale under execution
was made, and did not contain a prayer that the sheriff's deed
be set aside and annulled as fraudulent and void. The com-
plainants, thereupon, amended their bill in conformity with
this decree, by adding said allegations and prayer.

The defendant, Mrs. Seals, demurred to the bill as
amended upon the ground, that it was an entire departure
from the case made out by the original bill. This demur-
rer was overruled, and a decree rendered, declaring the deed
from S. J. Seals, and, also, the sheriff's deed, to defendant,
fraudulent and void as to complainants, and ordering the
sale of the property embraced in said deeds (except that
previously sold under decree in favor of another creditor),
and the appropriation of the proceeds of the sale to com-
plainants' claims. The allowance of the various amend-
ments, the decree setting aside the submission in vaca-
tion as stated above, and the final decree granting the
relief prayed for, are here assigned as error.

M. N. CARLISLE, and PARKS & SON, for appellant.—The
demurrer should have been sustained, the amendments
being inconsistent with the original bill.—*Larkins v. Biddle
et al.*, 21 Ala. 252; *Caldwell v. King*, 76 *ib.* 149; *Tatum
Brothers v. Walker*, 77 *ib.* 563; *Lehman et al. v. Meyer et al.*,
67 *ib.* 397. The defenses to the original and amended bills
are different, and the relief sought is not the same. The
original bill was filed to set aside a *voluntary* deed of hus-
band to wife; the amended bill embraced that, and, also,
sought to set aside another and different title, the sheriff's

deed, which recited a *valuable* consideration. This made a
new case.—*McKinley v. Irvine et al.*, 13 Ala. 707; *Ray's
Adm'r v. Womble*, 56 *ib.* 33 ; *Caldwell v. King, supra.* The
general rule is, that, after the proof has been taken on both
sides and the cause finally heard, an amendment will not be
allowed, and the statute allowing amendments at the hear-
ing, does not authorize an amendment making a new case.
*McKinley v. Irvine et al., supra;* Story's Eq. Pl. 336, 614, 886.
The same effect is produced by striking out one cause of
action, and then inserting a new and different one, as is
produced by inserting the new cause of action before the
first is stricken out.—*Laird v. Moore*, 27 Ala. 326.

GARDNER & WILEY, *contra,* cited *Seals v. Pheiffer & Co.,*
77 Ala. 278.

SOMERVILLE, J.—The bill, as originally framed, was
filed for the double purpose of assailing for fraud two con-
veyances made by one S. J. Seals, deceased—the one a deed
of gift, conveying certain lands to his wife, the appellant ;
and the other a general assignment, made to a trustee for
the benefit of named creditors. The bill being held to be
multifarious by reason of uniting two separate and distinct
matters in the same suit, it was amended by striking out all
that portion relating to the assignment. If the case had
rested here, the complainants, as creditors of S. J. Seals'
estate, would certainly have been entitled to the relief
claimed, on proof of the allegations of the bill.—*Seals v.
Robinson*, 75 Ala. 363 ; *Seals v. Pheiffer*, 77 Ala. 278.

The answer of the defendant, Mrs. Seals, however, dis-
closed the existence in her hands of a sheriff's deed, which,
if valid, conferred on her a title paramount to the equity of
the complainants. The bill was thereupon again amended
so as to allege the execution and delivery of this deed by
the sheriff, and the complainants, recognizing its validity,
offered to redeem the land—a right to which this court held,
on appeal, they were not entitled, being, as they were,
simple contract creditors only.—*Seats v. Pheiffer, supra.*

The judgment being reversed on this appeal, and the
cause remanded, another amendment was made to the bill,
by striking out the offer to redeem, and inserting an aver-
ment of facts by which the sheriff's deed was attacked for
fraud.

It is here objected that the chancellor erred in allowing
this amendment, because it conflicted with the former
amendment which admitted the validity of the sheriff's deed.
This, in our opinion, is no sufficient objection to it. The

[Chardavoyne *et al.* v. Galbraith & Co.]

first amendment may or may not have been improperly allowed, inasmuch as it destroyed the case made by the original bill. However that may be, striking it out has obviated any tenable objection to it. By this process of amendment the bill was reduced to its *original* shape and purpose, as a creditors' bill assailing a deed of gift made by a debtor to his wife. The last amendment was perfectly consistent with the bill, although repugnant to the expunged amendment. The bill, in its present shape, attacks for fraud both the deed to the wife and the sheriff's deed, the latter being alleged to have been made upon a consideration paid by the debtor and not by his wife, which fact, if true, rendered the title acquired by her one held in trust for the complainant and other creditors of the deceased husband. The bill was, in no wise, rendered multifarious by uniting these two matters in the same suit.

The other assignments of error are without merit.

Affirmed.

