# Seals *et al. v.* Pheiffer *et al.*

*Creditors' Bill to set aside Conveyance as Fraudulent; Petition for Substitute for Homestead Exemption.*

1. *Petition by guardian of infant defendants, for allotment of lands as substitute for homestead exemption.*—A petition by the guardian *ad litem* of infant defendants, asking an allotment of lands as a substitute for homestead exemption (Code of 1876, § 2840; Code of 1886, § 2544), without date or affidavit of verification, not shown to have been called to the attention of the court in any manner, can not be considered by this court for any purpose.

2. *Petition by widow for such allotment.*—It is very questionable if a petition by the widow of a deceased debtor, asking an allotment of land as a substitute for homestead exemption, "does not come too late, after final decree rendered ordering a sale of the lands;" and even when special circumstances take the case out of the operation of the general rule, the complainants not being notified of the filing of the petition, and the record not showing on what ground it was dismissed by the chancellor, this court can not hold his action erroneous.

APPEAL from Pike Chancery Court.
Heard before the Hon. JOHN A. FOSTER.

PARKS & SON, for appellants.

GARDNER & WILEY, *contra.*

STONE, C. J.—This case has had quite a history. It is a creditors' bill, filed in 1882, and seeks to set aside, as voluntary and fraudulent, certain conveyances made and procured to be made by S. J. Seals, an insolvent debtor, to R. C. Seals, his wife. The main equities of the case made by the bill were ruled on by this court at the term of 1884–85. *Seals v. Pheiffer*, 77 Ala. 278. The case was again before us at the term of 1886 (81 Ala. 518), and the principles governing it were so clearly declared, that all hope or expectation of defeating the object of the suit must thenceforth have ceased. In June, 1886, the chancellor overruled a second application for a rehearing, we affirmed his decree ordering certain real estate to be sold in payment of certain ascertained debts, commanded the register to make sale and conveyance of the property, and to report the sale to him. At the Spring term of the court, 1887, the register reported

[Seals et al. v. Pheiffer et al.]

that, after proper advertisement, he had sold the property; that Pheiffer & Co. had become the purchasers, and paid the purchase-money, and had received a conveyance.

Two petitions appear in the transcript, praying an allotment of a substitute for homestead exemption under section 2544 (2840) Code of 1886. These petitions show on their face that they were prepared after final decree of sale was rendered, but before the sale was made. One of the petitions is signed by the guardian *ad litem* of the infant defendants. This petition is without date, contains no affidavit of verification, is not shown to have ever been filed in court, and it no where appears that the chancellor took any action upon it, or was asked to do so. There is nothing to show that this petition is rightfully made a part of the transcript.

S. J. Seals, the debtor, had died before the suit was commenced, and Mrs. R. C. Seals, the widow, presented her sworn petition, claiming the lot of land decreed to be sold as exempt to her and her minor children, in lieu of homestead exemptions; her husband, at the time of his death, residing on lands not his own. This petition was filed in office February 14, 1887, before the sale of the property. No demurrer, answer, or plea appears to have been filed to this petition; and it is no where shown that any attempt was made to give notice of it, except what is shown further on.

As we have said, the petition by Mrs. Seals for homestead allowance was filed after the final decree was rendered, ordering a sale of the lot, but before the sale was made. The report of the sale purports to have been made at the "Special Spring term, 1887," of the Chancery Court; but it is without other date. Mrs. Seals filed exceptions to the report of sale, mainly on the ground that her petition for exemption in lieu of homestead had not been acted on. At the Fall term of the court, 1887, the chancellor made two separate orders as follows:

"*Ex parte* R. C. Seals. The prayer of the petition is denied, and the petition is dismissed, at the cost of the petitioner."

The other order is in the following language:

"P. Pheiffer & Co. *et al.* v. R. C. Seals *et al.* The exceptions are overruled, and the report of the register is confirmed."

Each of these orders bears date September 12, 1887; and they are the rulings and proceedings had on the petition, the report of sale, and the exceptions filed thereto. They are the last orders in the cause.

[Edwards v. Edwards.]

It is very questionable if the petition for exemption did not come too late, after final decree rendered, ordering a sale of the property.—*Sherry v. Brown*, 66 Ala. 51, and authorities cited; *Toenes v. Moog*, 78 Ala. 558; *Randolph v. Little*, 62 Ala. 396. Possibly, there were circumstances in this case taking it out of the operation of this rule, but we need not consider them.

It will be noted that, on the question of homestead exemption, this record shows only the verified petition of Mrs. Seals, her exceptions filed to the register's report of sale, and the brief orders of the court copied above. And all this took place after the final decree in the cause. Not only was there no process, giving notice of the petition, but no prayer for process. The relief she asked for was not of a character she was entitled to, as a matter of course, nor is the proceeding in its nature *ex parte*. The complainants were entitled to notice, and to be heard.—2 Dan. Ch. Pr. 1606; *Weaver v Cooper*, 73 Ala. 318. Not being informed on what ground the petition was dismissed, it is our duty to presume that the court did not act illegally. The court may have dismissed the petition for want of prosecution, or for *laches*. in its prosecution. There is not enough in the record to raise the question, nor to show that the chancellor erred.

Affirmed.