153 So. 195

**MOSS et al. v. CEDROM COAL CO.**

**6 Div. 483.**

Supreme Court of Alabama.

Jan. 11, 1934.

Rehearing Denied March 15, 1934.

Benners, Burr, McKamy & Forman, of Birmingham, and Arthur F. Fite, of Jasper, for appellants.

Davis & Curtis, of Jasper, for appellee.

GARDNER, Justice.

Complainant corporation, operating a coal mine under a lease executed by the owner, Lost Creek Coal & Mineral Land Company, seeks injunctive relief against a forfeiture of its lease for nonpayment of rent as. therein provided. Defendants on September 14, 1929, became the purchasers of the property at execution sale under a judgment against said Lost Creek Company (to so designate it for brevity), and on September 12, 1933, gave to complainant, the lessee, written notice of the termination of its lease for a failure to pay the rent, as stipulated in the rental contract. In the meantime, the Lost Creek Company, within the time allowed by law, filed its bill for redemption, resulting in a final decree allowing redemption upon the payment within a stipulated time of the designated sum found due, which time was finally extended to July 4, 1933. But the Lost Creek Company failed to effectuate said redemption so allowed, and therefore lost the right. Complainant continued in possession and operation of the mine, and alleges defendants, the purchasers under the execution sale, made no written demand upon it for possession of the property before the time had expired for the Lost Creek Company, under the decree of the court, to exercise its statutory right of redemption; that is, not before July 4, 1933. Defendants became the owners of the property, the legal estate of the judgment debtor having vested in them (Searcy v. Oates, 68 Ala. 111; Cramer v. Watson, 73 Ala. 127; Johnson v. Davis, 180 Ala. 143, 60 So. 799; Taylor v. Bell, 120 Ala. 467, 29 So. 572), and the exercise by said debtor of the statutory right of redemption was but the assertion of a personal privilege (Code, § 10156; Lewis v. McBride, 176 Ala. 134, 57 So. 705), which in no manner affected here the rights of the parties under the terms of the lease.

We are of the opinion that the ineffectual effort of the Lost Creek Company to redeem the property is without influence so far as concerns the equity of complainant's bill, and that these averments may be here laid out of view.

But complainant insists (the theory no doubt accepted by the learned chancellor) that defendants as such purchasers at execution sale were not entitled to the rents from

the date of the purchase as no written demand was given it as a tenant in possession under the provisions of section 10143, Code 1923, and reliance had upon our decisions (among them, Richardson v. Dunn, 79 Ala. 167; Ensley M. & R. Co. v. Lewis, 193 Ala. 226, 68 So. 1012; Comer v. Sheehan, 74 Ala. 452), holding in substance that the legal effect of such notice is to constitute the tenant in possession the tenant of the purchaser and thereby abrogate his fealty to the former owner, transfer his possession to the purchaser; and substitute the latter as his future landlord with the ordinary rights growing out of such a relationship.

But the argument overlooks subdivision 6 of section 10145, Code 1923, to the effect that the purchaser at such a sale shall be entitled "to all rents paid or accrued to date of the redemption, and the rents must be prorated to such date." Said subdivision 6 is new to the Code of 1923, and must be read in connection with the provisions of section 10143 of the Code, and if consistent, each be given a field of operation. We find no difficulty in reconciling these two statutes and giving each a useful field.

If the effect of the notice to the tenant prescribed by said section 10143 was to constitute him a tenant of the purchaser, it is reasonable to assume the provision was at least in some part for the tenant's protection and benefit. So assuming, a tenant, receiving no such demand, and being ignorant of the purchase, is protected in continued payment of rent to his original landlord. But subdivision 6 recognizes that notwithstanding no such demand, yet by the sale the purchaser became invested with the legal title, and as such entitled to the rent. And the tenant, though having no demand for possession, yet knowing of the purchase and of consequence the rights to the rents, as provided by this subdivision, is in no position to deny the purchaser the rents to which the statute states that he is entitled. Having such knowledge he must act accordingly.

The mere averment, therefore, that complainant received no demand as provided in section 10143 of the Code, does not suffice, but as an excuse for a failure to pay the rent as stipulated, the bill should further show complainant had no notice or knowledge of the purchase, and, therefore, was ignorant of the purchasers' rights thereto. And construing the pleadings most strongly against complainant, the bill must be held to show a knowledge on its part of said purchase and of the purchasers' rights thereunder.

The lease contract calls for a minimum rental of $2,000 per year, and fails to show that in fact this rental was paid to any one since the sale in 1929, or for a period of more than four years. And the offer of the bill is to pay the rent or royalty only "since it has become a lessee of the respondents," which from other averments appears to be the date of July 4, 1933, when the Lost Creek Company lost its right of redemption.

The bill therefore fails to disclose any just reason why defendants may not enforce the plain terms of the lease contract, and the demurrers thereto should have been sustained.

The decree will accordingly be here reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.