155 So. 355

## Ex parte LOST CREEK COAL & MINERAL LAND CO.

### 6 Div. 517.

Supreme Court of Alabama.

June 7, 1934.

Wm. F. Thetford, Jr., of Montgomery, for petitioner.

Arthur Fite, of Jasper, for respondent.

THOMAS, Justice.

The petition for mandamus sought to require the circuit judge to vacate his decree of July 3, 1933, opening and modifying the final decree rendered on January 4, 1933, which concluded as follows: "It is further ordered, adjudged and decreed that in the event that the complainant shall effectuate the redemption authorized by this decree within 30 days from this date, the cost of this cause shall be taxed against and paid by the defendants herein. If the complainant shall fail to perfect the redemption authorized by this decree within 30 days from the

date hereof, that the cost of this cause, to be taxed by the register shall be paid by the complainant. The register will wait 30 days from this date to tax the cost. At the expiration of such period, if the right of redemption authorized by this decree is not effected by complainant, execution shall issue against the complainant for the cost of this cause. *If the right of redemption shall have been exercised by complainant within 30 days from this date, execution shall issue against the defendants for the costs of this cause.*" (Italics supplied.)

After recital of the application for modification, the following order was made:

"It is the order, judgment and decree of the court that complainant be and it is allowed an additional 30 days ; that is to say, until Monday, March 6, 1933, in which to effectuate the redemption allowed and provided for in said former decree.

"Done this the 3rd day of February, 1933."

And the order of March 4, 1933, was: "It is the order, judgment and decree of the court that complainant be and it is allowed an additional 30 days; that is to say, until Wednesday, April 5, 1933, in which to effectuate the redemption allowed and provided for in said former decree."

On March 31, 1933, there was the further order that: "Upon consideration, it is the order, judgment and decree of the court that complainant deposit with the register of this court the sum of $500.00, and, upon making said deposit, the complainant is allowed an additional 90 days; that is to say, until Tuesday, July 4, 1933, in which to effect the redemption of said lands allowed and provided for in said former decree of January 4, 1933. If complainant effectuates the redemption within that time, said sum of money shall be returned to complainant, but if the complainant fails to redeem said lands within that time the register is directed to pay said money to the defendants, and the same shall be in lieu of any and all damages which they may have suffered on account of this extension of time allowed for redemption. Provided, however, any right of defendants to collect royalties for any coal mined from the lands involved shall in no wise be affected by the payment to them of the $500.00 deposit herein referred to."

The order of July 3, 1933, recited that several orders of modification had been made, and on application by complainant on this date (July 3, 1933) for a further modification, " * * * it is the order, judgment and decree of the court that complainant deposit with the register of this court the further sum of $600.00, and, upon making said deposit the complainant is allowed an additional 90 days; that is to say, until Tuesday, October 3, 1933, in which to effect the redemption of said lands allowed and provided for in said former decree of January 4, 1933. If complainant effectuates the redemption within that time, said sum of money, together with the $500.00 already on deposit, shall be returned to the complainant, but if complainant fails to redeem the land within that time the register is directed to pay all of said money to the defendants, and the same shall be in lieu of any and all damages which they may have suffered on account of this extension of time, of the former extension of time allowed for redemption, provided, however, any right of defendants to collect royalties for any coal mined from the lands involved shall in no wise be affected by the payment to them of the $500.00 deposit herein referred to. It is further ordered by the court that the $500.00 already on deposit shall not be forfeited by a failure to redeem by July 4, 1933."

In the order of August 7, 1933, it is recited that the order of July 3, 1933, "was void for the reason that on said date * * * this court had lost all control over the final decree because more than thirty days had elapsed from the date of its rendition and from the date of the last modification thereof," and "it is, therefore, the order, judgment and decree of the court, that said decree rendered on July 3, 1933, is set aside, because void, and stricken from the files in this case." The further order was for the return of the $500 deposit in cash required, etc.

The answer of the circuit judge discloses the facts: That on January 4, 1933, the final decree in question was rendered in the circuit court in equity in the case of petitioner against C. L. Moss et al., and proceedings had as indicated in the exhibit to the petition; that the several judgments and orders were had as we have indicated on the respective applications; that there was a due motion made to set aside the last order of modification and extension of time for redemption and on terms.

■ The decrees are effective from dates of rendition duly made and entered. Johnson v. Inman, 223 Ala. 513, 137 So. 293. The last order of modification was more than six months after rendition of the final decree (De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265); not more than three months after the last preceding order of modification. It is

insisted that at such time and under the law the court was, as to such matter, as if it were in vacation. It is provided by statute that circuit courts in the exercise of equity jurisdiction are always open for the transaction of any business therein; but the power is denied to that court, "to open or set aside any final decree after the lapse of thirty days from the date of its rendition." The statute, and rule 81 of Chancery Practice, Code of 1923, as to rehearings, were recently considered in Ex parte Howard, 225 Ala. 106, 142 So. 403, 404, holding that the circuit court, as a court of equity, is always open for transaction of any business therein, citing Anderson v. Steiner, 217 Ala. 85, 115 So. 4; and in Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664, 665, where it was held that the statute (sections 6636, 6670) and Chancery Rule 81 establish in every court a new term of that court "of 30 days' duration, beginning on the day after the decree," and the court is without power to hear a rehearing "(1) unless opposing counsel waive the delay, or (2) unless jurisdiction is retained by a proper order." Chilton v. Gurganus, 218 Ala. 145, 117 So. 655; Ex parte Green, Superintendent of Banks, 221 Ala. 298, 129 So. 72; Ex parte Favors, 225 Ala. 675, 145 So. 146.

If the judge had the discretion to make the order extending the time of redemption for a term certain and of date of July 3, 1933, by reason of and within the period fixed by a former order of extension of 90 days from March 31, 1933, that official had the like discretion within such time to set the same aside before the redemptioner had acted and redeemed thereunder. That is to say, within the term, the matter of extension of time, or revocation thereof, was within the breast of the court and the exercise of judicial discretion that obtained.

This court will not exercise, and by mandamus compel the exercise of, judicial discretion, otherwise than to require that official to act under the given facts and matter, leaving him free in the exercise of discretionary power in the premises. As we have observed, after the first extension, the matter of further time was discretionary, and the court may, within the term or time fixed, extend or revoke the order and time last made.

Moreover, if it be conceded that the order of revocation of August 7, 1933, setting aside the last order of July 3, 1933, may be reviewed by mandamus, the writ would not be awarded after October 3, 1933, the date of expiration of the last order of extension for 90 days. Petitioner is not shown to have made a bona fide attempt, and was ready, willing, and able to redeem within the time last fixed, and within the terms of the original decree; nor was it shown that before expiration of the last date he duly moved to set aside the last order of revocation.

The writ of mandamus is denied.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.