159 So. 225

**CEDROM COAL CO. v. MOSS et al.**

6 Div. 670.

Supreme Court of Alabama.
Jan. 17, 1935.

Rehearing Denied Feb. 21, 1935.

J. J. Curtis, of Jasper, for appellant.

'Arthur Fite, of Jasper, and Benners, Burr, McKamy & Forman, of Birmingham, for appellees.

THOMAS, Justice.

The bill by Cedrom Coal Company against Moss & McCormack sought to avoid a forfeiture of a mining lease executed by the owner of the land, Lost Creek Coal & Mineral Land Company.

The bill shows that the defendants, appellees, succeeded to all the title of Lost Creek Coal & Mineral Land Company on September 2, 1929, and that thereupon and since that time the complainant operated as a tenant of defendants under the lease in question. Moss et al. v. Cedrom Coal Co., 228 Ala. 267, 153 So. 195.

The lease is exhibited and aids the averments of the bill in respect to the terms of forfeiture. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90.

The bill avers that under the power contained in the lease the mining right was sublet to complainant, who "went into the possession of said property and to mining coal upon the same, and that an expense of to-wit, $35,000.00 built a tipple and equipped said mine, built a camp, laid tram tracks, procured the necessary machinery for the operation of a mine, and has been in the operation of the same continuously on up to this date"; that one Hendon obtained a judgment against the lessor of complainant; that there was execution and sale thereunder, and respondents Moss & McCormack were the purchasers, and as such had the sheriff's deed; that within the time allowed for redemption the Lost Creek Coal & Mineral Land Company, its lessor, filed its bill for the purpose of re-

demption, and there was a decree permitting redemption within the time indicated, or an extension of the time for redemption.

It is further averred that such lessor, complainant in a former bill, failed to exercise its right to redeem within the time granted and thereby "lost its said right" of redemption (Ex parte Lost Creek Coal & Mineral Land Co. [Ala. Sup.] 155 So. 355 [1]); that complainant was in possession, mining the coal, and that "it continued in possession thereof and by so doing became impliedly the tenant or lessee of the respondents," they having purchased said lands impressed with the lease and rights under its terms executed by the Lost Creek Coal & Mineral Land Company; that the provision for forfeiture in the lease averred is: "If the lessees shall neglect or fail to pay any rent or royalty due or which may become due under this lease for two (2) consecutive royalty payment periods of three (3) months each as and when the same become due then, in such event, at the election of the lessor, this lease shall forthwith cease and determine upon thirty (30) days' written notice of such determination given by the lessor to the lessees by mail." As to this it is averred: "Complainant avers that the intention of said provision was and is that said lease could not be forfeited except for failure to pay royalty for a period of six months and then only upon a thirty days' written notice. Complainant further avers that it did not become a lessee of these respondents under the law until after July the 4th, 1933, when it elected to continue mining, and that no two three months' periods have passed since that time and that six months have not passed since that time and that under the terms of said lease it cannot at this time be forfeited for failure to pay royalty as therein provided and under the terms of said lease;" that on September 12, 1933, it received written notice that such purchasers (defendants) elected to terminate the lease at the expiration of the thirty-day period from date of notice; and it is averred that under the terms of the lease, forfeiture for failure to pay royalty, or for any other reason, may not be had or declared.

The complainant avers that it is ready, able, and willing to pay the royalty upon the coal mined since it has become a lessee of the respondents, and offers to do equity in the premises; that "it would be inequitable to forfeit said lease and take from it the said mine so equipped at an expense of to-wit, $35,-000.00, when the complainant stands ready, able and willing to pay for the coal so mined under the terms of the lease. Complainant further avers that if the respondents are permitted to forfeit said lease and take charge of said property it will be an irreparable injury and loss to this complainant."

The bill was amended, averring that after execution sale no written demand for possession was made by the purchasers before the time expired under the decree for redemption; that complainant was in possession under the lease from a judgment debtor executed long before the judgment.

There was a decree overruling the demurrers of respondents that was reversed on appeal. Moss et al. v. Cedrom Coal Co., 228 Ala. 267, 153 So. 195. The holding there was: (1) That ineffectual attempts by a judgment debtor to redeem did not affect the purchasers' right to assert forfeiture of the mineral lease for nonpayment of rentals; (2) that notwithstanding the absence of a written demand to the lessee in possession, the defendants as such purchasers at execution sale were entitled under the statute to rentals from the date of the purchase (Code 1923, §§ 10143, 10145, subd. 6); (3) that the failure of the purchasers of the coal lands at execution sale to make written demand of the lessee for rents was insufficient excuse for nonpayment of rent relied on for forfeiture; and (4) under the averments of the bill as we have indicated, nonpayment of rentals by the lessee for more than four years entitled the purchasers to claim a forfeiture of the lease.

The bill was thereafter materially amended by the averments of the facts of the several and later orders of the court extending the time for redemption to a named date, to October 4, 1933; struck out paragraph 7 of the bill, and added in lieu thereof "that the Lost Creek Coal and Mineral Land Company acting in good faith upon said order made on July 3, 1933, * * * failed to exercise their right to redeem said land by July 4, 1933, as formally given in the order attached hereto as a part of this bill, and that thereafter on July 22, 1933, the said Moss & McCormack filed a motion to set aside the decree entered on July 3, 1933, * * * and that on to-wit, August 7, 1933, the court made and entered an order revoking and setting aside its order of July 3, 1933"; that "after the making of said order complainant reclaimed the $500.00 which it had placed up for the Lost Creek Coal & Mineral Land Company; * * * that by reason of the said last order revoking the last one extending the time in

which to redeem, the said Lost Creek Coal and Mineral Land Company lost their said rights to redeem. Complainant further avers that it was in possession of the lands hereinbefore described under the said lease, actually mining the coal, and that it continued in possession thereof and by so doing became impliedly the tenant or lessee of the respondent in this case, and they having purchased said lands impressed with the lease and rights of this complainant, and this complainant remaining in possession and mining the said coal after the termination of the right· of the Lost Creek Coal and Mineral Land Company, its lessor, by operation of law at that time became an implied lessee of' respondents under the terms of the lease executed by the said Lost Creek Coal and Mineral Land Company;" that "the original decree of this court in the case of the Lost Creek Coal and Mineral Land Company against C. L. Moss and others, dated on the 5th day of January, 1933, * * * settled all the royalties under the original lease held by the complainant, and accounted for all of said royalties up until January 4, 1933, and said decree was not appealed from by these defendants and became and is binding upon these defendants under said decree and under said lease"; that "under and by virtue of said decree it does not owe any royalties to these defendants before January 4, 1933, and it contends that it does not owe any royalties to them from said date up until July 4, 1933, at which time the last extension was made, but which was later revoked. If, however, this complainant is mistaken, in its right under said order and under said decrees, then it is willing to abide by the ruling of the court and become liable for the royalties after January 4th, 1933, and to account to defendants therefor; * * * that the last order of the court made on August 7, 1933, was itself void because it had full power and authority to enter the decree made on July 3, 1933, as an administrative order, wherefore it says by the action of the court in extending the time for the payment of royalty and then by the action of the court in revoking the same that this complainant has been placed in a situation where equity should relieve. Complainant now offers to do full equity in this case and pay the royalties now due."

This amendment was illustrated and supported by the several and last orders of the circuit court, in equity, and under which appellant acted and relied.

The legal effect of these orders as affecting the right of redemption was considered and declared in Ex parte Lost Creek Coal & Mineral Land Co., 229 Ala. 17, 155 So. 355.

Thus, the bill, as amended in the last respects, presents a different and material aspect from that considered, as we have indicated.

The appellees were purchasers at execution sale when appellant was operating the property under a long-term lease with valuable improvements which it had made under the lease, and which were necessary to its operation of that property as a tenant. The rule of caveat emptor applies to such purchasers, appellees, in its utmost vigor and strictness. Electric Lighting Co. of Mobile v. Rust, 117 Ala. 680, 23 So. 751; Figh et al. v. Taber, 203 Ala. 253, 255, 82 So. 495.

Having purchased with notice of the lease and of the possession and operation thereunder, appellees permitted appellant to continue paying royalties to the Lost Creek Coal & Mineral Land Company while the latter was seeking redemption under the statute, and the final decree, which was not appealed from, permitted the Lost Creek Coal & Mineral Land Company to hold the royalties so paid to the time of that decree, and if redemption was perfected, to receive and retain all the royalties. The Lost Creek Coal & Mineral Land Company was given thirty days in which to redeem. This time was extended from time to time by the court, until, on July 3d, a final extension was made until October 4th. On August 7th, before that final extension expired, an order was made annulling the order of July 3d. On September 11th, a notice was given the appellant electing to forfeit the lease, and the instant bill was filed, before the expiration of the thirty days, to prevent the forfeiture; the appellant's theory being that it had a lawful right to act under the decree of the court until same was annulled, and under the lease it had six months in which to pay any back royalty before a forfeiture could be had.

The covenant for forfeiture of the lease for nonpayment of rent was intended "as a mere security," and it is usually held that "a forfeiture on that account will be relieved against on payment of the rent due and damages * * * sustained" Cesar et al. v. Virgin et al., 207 Ala. 148, 92 So. 406, 407, 24 A. L. R. 715, note p. 724; City Garage & Sales Co. v. Ballenger, 214 Ala. 516, 108 So. 257; 16 A. L. R. 437. See, also, 16 R. C. L. 1146; 10 R. C. L. 328; Cirlot et al. v. Stevens, 222 Ala. 271, 132 So. 163; Franklin v. Long, 191 Ala. 310, 68 So. 149.

In Kann v. King, 204 U. S. 43, 27 S. Ct. 213, 216, 51 L. Ed. 360, 365, the court, through Mr. Justice White, said: "That a court of equity, even in the absence of special circumstances

of fraud, accident, or mistake, may relieve against a forfeiture incurred by the breach of a covenant to pay rent, on the payment or tender of all arrears of rent and interest by a defaulting lessee, is elementary. Sheets v. Selden, 7 Wall. 416, 19 L. Ed. 166."

The appellant comes to a court of equity to determine the amount due under the lease, makes unlimited and unequivocal offer to do equity, and asserts its ability, willingness, and readiness to pay the amount so ascertained to be due—whatever amount the court decrees. Cobbs v. Norville et al., 227 Ala. 621, 151 So. 576; Lauderdale Power Co. v. Perry, 202 Ala. 394, 80 So. 476; Fies & Sons v. Lowery, 226 Ala. 329, 147 So. 136; Coburn et al. v. Coke et al., 193 Ala. 364, 69 So. 574; Sims, Ch. Pr. §§ 292, 293.

It has been indicated that the decree of January 4, 1933, in the case of Ex parte Lost Creek Coal & Mineral Land Co. (Ala. Sup.) 155 So. 355,[1] settled the question of royalties under the original lease; required an accounting for royalties to January 4, 1933; was against defendants' (appellees') rights as to royalties theretofore accruing; was not appealed from; and was binding upon the defendants under the lease. Any other result and forfeiture would be unjust and unconscionable.

Defendants' royalties, interest, and damages are secure without forfeiture, and this is the purpose of forfeiture.

The decree of the circuit court is in error and should be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

