## Corbitt, Administrator, *v.* Clenny *et al.*

### Bill in Equity to enforce Vendor's Lien.

1. *Order of confirmation of sale of decedent's lands; when void.* — Where a sale of a decedent's lands in a body has been made under order of the probate court, and regularly reported to and confirmed by it, an order to convey title to any portion of it before the entire purchase-money has been paid is a nullity.

2. *Purchaser; what charged with notice of.* — A purchaser buying real estate, of the title to which there must be evidence in writing, is chargeable with notice of any infirmity of his title which the writing discloses.

3. *Practice; when brief is not filed.* — The court, while desirous of the aid to be derived from briefs of counsel, does not feel at liberty to decline considering questions presented only by an assignment of error.

APPEAL from Chancery Court of Henry.
Heard before Hon. B. B. McCRAW.
The facts are sufficiently stated in the opinion.

J. A. CORBITT, for appellant.

OATES & BRO., *contra.*

MANNING, J. — Appellant in this cause was complainant in the court below, as administrator *de bonis non*, &c., of Thomas Griffin, deceased.

A former administrator had sold lands of the intestate, 240 acres, in one body, to three sons of the deceased, Dempsey, Daniel, and Thomas Griffin, as joint purchasers, for which they had executed to him their joint note for $1,140, payable twelve months afterwards. The sale was regularly made pursuant to an order of the court, and was reported to and confirmed by it. This was in 1866.

The three purchasers having made a division of the land among themselves, and another brother, John Griffin, having become administrator *de bonis non*, &c., of the estate, and holder of the note as such, — he, on the 25th of November, 1870, reported to the court that the purchase-money for the E. ½ of the N. E. qr. of sec. 33, township 8, range 27, which had been sold by order of the court, as property of the estate of his intestate, had been fully paid by Dempsey Griffin, the pur-

[Corbitt v. Clenny.]

chaser thereof; wherefore he prayed an order of the court authorizing him to make title to said Dempsey; and responsively to this, the court ordered the administrator to make title accordingly. Neither in the report, nor in the order of the court, was any mention made of the rest of the land, or of the fact that it was all sold together to three joint purchasers; nor was any mention made of the amount which Dempsey Griffin paid for the parcel of land mentioned. On the same 25th of November, 1870, John Griffin, as administrator *de bonis non*, &c., made a deed of the land to Dempsey Griffin; and he, on the same day, made a deed of it and of another parcel to defendant, Samuel J. Clenny.

A partial payment had been made of the note of Dempsey, Daniel, and Thomas Griffin, though how much does not appear; and a judgment was obtained against them for the residue, — on which execution had been returned "No property found." Complainant therefore prayed for a sale of the land — first of the portions not sold to Clenny, and then of that, if necessary, — to satisfy the judgment and pay the purchase-money.

The bill charges that Clenny knew that the land had been sold in a body, and purchased jointly by the three brothers; that the whole of the purchase-money had not been paid; and that John Griffin then held the note against the makers of it. Answer under oath is waived.

Clenny files an answer, — or rather one not signed by him is filed for him, by his solicitors, — in which all the material facts are admitted to be true; except that he, Clenny, had any knowledge of the facts that all of said lands had been sold in one body to three persons jointly, that the purchase-money had not all been paid, or that John Goodwyn, the administrator, held against them their unpaid note for the purchase-money. All knowledge, and any information of these facts, either at the time of his, Clenny's, purchase, or at the time of the payments he had made, are denied in the answer. In it he claims to be a *bonâ fide* purchaser for value without notice; says that in the purchase the eighty acres parcel in controversy was valued at $500, and the other parcel was valued at $140; that he gave therefor his note for the whole $640, and a short time thereafter paid to said Dempsey Griffin $500, which was paid and received as the price of the parcel in controversy; and that he had since made a further small partial payment of the residue. He avers also that the report aforesaid and order of court authorizing title to be made, and the deed of the administrator to Dempsey Griffin, were shown to him, and that he was assured by the administrator and Dempsey Griffin — and believed — that the latter had a good title to the land. Exhibits are made of the report, order, and deed, and also of

the deed of Dempsey Griffin and his wife, to Clenny. The cause was heard upon bill, answer, and exhibits, without any depositions or other testimony.

Decrees *pro confesso* were taken against the other defendants.

By section 2096 of the Revised Code it is enacted, in reference to such sales made under order of the probate court: " When the purchaser has paid the whole of the purchase-money, on his application, or that of the executor or administrator, the court must order a conveyance made to such purchaser by such executor or administrator, or such other person as the court may appoint, conveying all the right, title, and estate which the deceased had in such lands at the time of his death." The reservation of title until payment, thus provided for, was intended as a security for the purchase-money ; and the record in the court of the proceedings for the sale, and of the report of it, contained information accessible to every one of the property sold and price to be paid for it. Until payment of " the whole of the purchase-money," — due for any body of lands embraced in the sale to any particular purchaser or purchasers, the court was not authorized to cause title to any portion thereof to be made. Its subsequent order to complete the title must be predicated upon the previous report and confirmation of the sale ; which sale is to be perfected and completed by the order, — not varied or otherwise affected by it. The probate court has not the power to split up one entire sale into several separate ones, — or, by charging one parcel of the land embraced in it with one portion of the purchase-money, and another parcel with another, to discharge, upon payment of any of these portions of the price, the corresponding parcels of land from liability for the residue, and order title to be perfected to them. The security which the law requires is security not for a part, but for the whole of the price, and cannot be thus diminished. In this case the court did not, at least expressly, undertake thus to split up one entire transaction.

The report of the administrator is so drawn as not perhaps to make him chargeable with perjury in any statement in it. Yet, addressed to the judge of probate, and relating to a transaction alleged to have been done in the administration of Thomas Griffin's estate, it plainly imports what is not true, to wit: that a sale of that particular parcel of land had been made under the order of the court, and been confirmed by it, to Dempsey Griffin for a definite price, which had been wholly paid by him to the administrator. The order of the court authorizing the administrator to make a deed to Dempsey Griffin, can operate only on such a particular sale to perfect it.

[Corbitt v. Clenny.]

But no such sale was ever made, and the order to perfect it by a conveyance of title, having nothing to operate on, is void.

The report, moreover, specifies no amount as paid by Dempsey Griffin, — which omission would not perhaps have been material, if the record showed that such a sale as the report indicates had in fact been made, reported to the court, and confirmed; for then it would appear by the record what the amount was. As it is, the court has inadvertently, we presume, made an order which is void, because it relates to a transaction that had never taken place.

Defendant Clenny seeks to protect himself against the lien on the land, on the ground that he is an innocent purchaser without notice. Upon the hearing in the court below, his answer had not the effect of evidence, except so far as it admitted what was charged in the bill, or facts in support of it. And though competent to testify, he has not undertaken as a witness to support the averments of matter in avoidance in his answer. This answer shows that the report, above considered, of the administrator to the probate judge, and the order thereupon, and the conveyance by the administrator to Dempsey Griffin, and that of said Griffin to defendant Clenny, were simultaneous,—at least, that all of these acts were done on the same day. And Clenny says also that before the conveyance was made to him, he examined the report of the administrator that day filed in court, and knew the handwriting as that of a person in whom he had confidence. Mr. Clenny then doubtless saw it among the papers of Griffin's estate in the court, where it was that day filed and acted on. It would be singular if he did not then, also, inform himself what the same record exhibited in reference to the sale by the administrator, as to the manner in which it was made. In the absence of his testimony to the contrary, the fair inference would be that he knew the facts of that transaction. Whether he did or not, however, is not a matter of consequence. He was buying real estate, of the title to which there must be evidence in writing; and he is chargeable with notice of any infirmity of the title which such writings would have disclosed. It was his fault if he did not examine them and see that there was a lien on the land he bought, for the payment of the note described in the bill of complaint; and he therefore took the land subject to that lien.

The chancellor erred in dismissing the bill as to Clenny, and charging the costs in his favor against complainant. If the other lands in possession of the purchasers from the administrator are not sufficient to pay the balance due of the original purchase-money, the land bought by Clenny should be subjected to the payment of it.

[State *v.* Mills.]

Our attention has been called to the facts that no brief has been filed, and no argument made on behalf of appellant in support of his assignment of errors ; and it has been suggested, upon an authority cited, that we ought, therefore, to affirm the decree below, without an examination of the record. Although desirous to have the aid to be derived from a clear and candid statement of the case and argument on behalf of each party in a cause, from counsel who have studiously investigated it, we do not feel at liberty to decline considering questions that are presented to us by an assignment of errors only.

For the errors indicated the decree is reversed and cause remanded.