# Buckley *v.* McGuire *et als.*

### *Action on Administration Bond.*

1. *Mobile, general guardian; liabilitily of sureties.*—Under the act "authorizing appointment of a general administrator and general guardian for Mobile county and other purposes," approved December 14, 1859, an official bond given by the person appointed, conditioned "that he shall faithfully administer all estates which may come into his charge as general administrator and guardian," no matter how often he may be reappointed general administrator and guardian, binds the sureties on each bond for only the administration of estates committed to their principal for the term for which their bonds were executed. This rule, however, does not apply to bonds given under §§ 2405-7 of the Code.

APPEAL⁹from Circuit Court of Mobile.

Tried before Hon. HARRY T. TOULMIN.

This was an action commenced by the appellant, H. B. Buckley, one of the distributees of the estate of W. W. Buckley, deceased, against the appellee, McGuire, and the sureties on his bond as general administrator of Mobile county, to recover for an alleged devastavit committed by McGuire, in the administration of the estate of said Buckley.

McGuire was appointed general administrator of Mobile county in 1864, gave bond, which was approved, and acted under it for the term of four years. During that term, in September, 1865, the estate of Buckley was, by the order and appointment of the Probate Court of Mobile county, committed to his charge as such general administrator, and he entered upon the discharge of the trust.

In 1868, McGuire was again appointed general administrator, being his own successor, and gave bond with sureties for this second term. This bond was also approved and McGuire acted under it. No order or appointment was ever made committing the estate of Buckley to McGuire, save the order above referred to, of September, 1865. The condition of the bond sued on is, that "said W. W. McGuire shall faithfully administer all estates which may come to his charge as such general administrator." In the final settlement of McGuire's administration of Buckley's estate, had long after 1868, decrees were rendered against him in favor of the several distributees, and this suit is brought by one of them against him and the sureties on the bond of 1868, to recover the amount of the decree against him on such settlement

VOL. LVIII.

[Buckley v. McGuire et als.]

The defendants filed several pleas, asserting, in substance, that the liability of the sureties was confined to estates which were committed to the charge of McGuire during the term for which the bond was given, and averring that Buckley's estate came to his hands before the bond sued on was executed, and hence the sureties on the bond were not liable. A demurrer to this plea was overruled and judgment rendered for the defendants.  By the second section of the act of December 14, 1859, under which McGuire was appointed general administrator and guardian of Mobile county, it is provided, "At the expiration of the term of said office, unless the same person be reappointed, or in case of a cessation of his authority as such general administrator, such person shall proceed to settle up all administrations in his hands, at as early a day as the law and the situation of the estates will permit, subject to removal as aforesaid."  By this act the term of office of the administrator general was four years. The clause of the act in relation to guardianships, is as follows:  "All matters of guardianship which may have been entrusted to such appointee, and the property under his control belonging to any ward, shall be immediately turned over to such person as may be appointed to succeed him in said office."

GIBBONS & PRICE, for appellants.—No new order or letters were necessary to place Buckley's estate in McGuire's charge; he held it by virtue of his former appointment, and he was his own successor; and upon his reappointment, all its effects then in hand came *instantaneously* to his charge by operation of law, and his bondsmen are liable for the rightful administration of them.—See 39 Ala. 286; 8 Ala. 27; 42 Ala. 666, and cases cited.

BOYLES & OVERALL, J. LITTLE SMITH, E. S. DARGAN, and GAYLORD B. CLARK, *contra.*—The securities on the bond of 1868, only contracted that McGuire should faithfully administer all such estates as may come into his hands as such general administrator.  Buckley's estate was already in his hands.  It was for the future, not the past faithfulness of McGuire, that the sureties agreed to be responsible.  The bond must speak for itself, and its language can not be extended or altered to the injury of the surety.—1 McLean, 493; 5 Peters, 373.

STONE, J.—The question argued in the present case, arises out of the construction of the act, "Authorizing the appointment of general administrator and general guardian

for Mobile county, and for other purposes," approved December 14, 1859.—Pamph. Acts, 551. McGuire was appointed general administrator and guardian in 1864, gave bond, which was approved, and acted under it for the term of four years. During that term, viz: in September, 1865, the estate of Buckley was, by the order and appointment of the Probate Court of Mobile county, committed to his charge as such general administrator, and he entered upon the discharge of the trust.

In 1868, McGuire was again appointed general administrator and guardian, being his own successor, and gave bond with sureties, for this second term, in substantially the same form as the first. This bond was also approved, and McGuire acted under it. No order or appointment was ever made committing this estate of Buckley to McGuire, save the order above referred to, of September, 1865. The condition of the bond sued on, is that "said W. W. McGuire shall faithfully administer all estates which may come to his charge as such general administrator and general guardian." In the final settlement of McGuire's administration of the Buckley estate, had long after 1868, decrees were rendered against him in favor of the several distributees, and the present action is brought by one of them, on the bond last executed, to recover the amount of such decree. The Circuit Court ruled that the bondsmen of 1868, were not liable for McGuire's default, in the administration of an estate committed to his charge in 1865.

As a rule, sureties have the right to stand on the very terms of their contract; and no default can be charged against them, unless it falls within the condition of their bond.—2 Brick. Dig. 374, § 18. The bond in this case binds the administrator faithfully to administer only such estates as *may come* to his charge. These words are purely prospective in their import, and can by no fair interpretation be held to embrace estates that had previously come to his charge. But we think the argument is stronger than this. The statute makes no provision for turning over an unfinished administration, by an outgoing general administrator, to his successor. The language is, he "shall proceed to settle and close up all administrations in his hands, at as early a day as the law, and the situation of any estate will permit." The phrases *close up* the administration, and, at as early a day as the *situation of the estate* will permit, have a clearly defined, sensible meaning, if we hold they refer to a complete administration of the estate, and the settlement thereof. They are inapt and out of place, if we declare it is the duty of such out-going administrator to turn unfinished adminis-

trations over to his successor. And the clause, in reference to the general guardian, being entirely different, is a further argument in favor of this construction. Its language is, that in "all matters of guardianship which may have been intrusted to such appointee, and the property under his control belonging to any ward, shall be immediately turned over to such person as may be appointed to succeed him in said office," &c. Why this entire change of language, if his duties under each class of trusts was intended to be the same? True, if the general administrator dies, resigns, or is removed for any of the statutory causes, then it would become necessary to commit unfinished administrations to other hands. That is implied in the words, "subject to removal as aforesaid." That is, he must settle and close up all administrations with which he is charged during his term, at as early a day as the law and the condition of the estate will permit, subject to removal as aforesaid. The provisions for his removal are shown in sections 2405–6, Code of 1876. These relate to orders requiring new bonds, and failure to give them. The only clause of the statute which seemingly militates against this construction, is expressed in the words, "unless the same person may be reappointed." These words are in precise harmony with the clause which declares the duties of an out-going general guardian, stated above, when the *same person is not reappointed*. They do not so well agree with our construction of the duties of the general administrator, when he is appointed his own successor. The statute does not, in terms, apply to such a case as that. But other clauses of the statute, noticed and construed above, and the condition of the bond sued on, force us to hold that, no matter how frequently the same person may be reappointed general administrator and guardian of Mobile county, the sureties on each bond are only bound for the administration of estates committed to their principal during the term for which their bond was executed. This rule, however, does not apply to bonds given under sections 2405–6–7 of the Code of 1876.

We consider it unnecessary to notice the various rulings in this case, for under no circumstances can the plaintiff recover.

Affirmed.