[Cresswell's Adm'r v. Jones & Dunn.]

## Cresswell's Adm'r *v.* Jones & Dunn.

### *Bill of Review for Error Apparent.*

1. *Bill of review; what is error apparent.*—Whether an erroneous ruling on a demurrer is such an error of law apparent on the record as would support a bill of review, "is a question of grave doubt," the solution of which, being unnecessary in this case, is left undecided.

2. *Express trust; when created by deed.*—To the creation of a trust by deed it is not necessary that the word *trustee,* or the words *upon trust,* should be used, when the intention of the parties, as ascertained from the general purpose and scope of the whole instrument, appears to be, not to confer a beneficial interest upon the grantee, but to create a trust for the benefit of another person.

3. *Deed of gift to husband, "as advancement" to wife, and "as part of her distributive share" of grantor's estate, held to create trust for wife.*—A deed of gift, executed in January, 1846, by which the grantor, in consideration of love and affection for her married daughter, and in consideration of ten dollars in hand paid by the daughter's husband, conveyed a tract of land to the husband, his heirs and assigns, "*as an advancement to*" the daughter (his wife), "*in part of her distributive share of*" the grantor's estate, with *habendum* and covenants of warranty to the husband, his heirs and assigns, does not vest the beneficial estate in the husband, but creates a trust for the use and benefit of the wife.

4. *Constructive notice by recorded deed.*—When a deed, duly recorded, shows on its face that the grantee does not take the beneficial interest in the property conveyed, but takes in trust for his wife, a purchaser from him is charged with notice of the trust.

5. *Bill of review; what is error apparent.*—Questions not definitely raised by the pleadings, and specifically ruled on by the court in the original cause, while they may be raised and decided on appeal, are not a proper basis for a bill of review.

APPEAL from the Chancery Court of Greene.

Heard before the Hon. A. W. DILLARD.

This was a bill of review for error apparent, filed by leave of the court, on the 12th June, 1878, by William G. Jones and William D. Dunn, who, as trustee in a deed of trust for the benefit of creditors executed by one James Crawford, were defendants in the cause in which the decree was rendered now sought to be reviewed and set aside. The bill in that cause was filed on the 6th October, 1874, by Mrs. Louisa W. Cresswell, the wife of Samuel L. Cresswell, against her said husband, and against said Crawford, Jones and Dunn ; and sought to have a trust declared and enforced, in favor of the complainant, in a tract of land which her husband had sold and conveyed to said Crawford, and which said Crawford had afterwards conveyed to Jones and Dunn, as trustees for

VOL. LXVIII.

the benefit of his creditors; also, to recover the possession of the lands from said trustees, to hold them accountable for the rents and profits during their possession, and to remove the complainant's husband as her trustee.

The tract of land contained 320 acres, and was conveyed to said Samuel L. Cresswell by Mrs. Justina L. Walton, the mother of Mrs. Cresswell, by deed dated January 22d, 1846, a copy of which was made an exhibit to the bill. The following are the material portions of the deed: "Know all men by these presents, that I, Justina L. Walton, of the county and State aforesaid, for and in consideration of the love and affection which I bear to my daughter, Louisa W. Cresswell, wife of Samuel L. Cresswell, of the county and State aforesaid, and also for and in consideration of the sum of ten dollars to me in hand paid by the said Samuel L. Cresswell, the receipt whereof I do hereby acknowledge, have given, granted, conveyed and released, and by these presents do give," &c., " to the said Samuel·L. Cresswell, his heirs and assigns, as an advancement to my daughter, the said Louisa W. Cresswell, in part of her distributive share of my estate, the following described lands," &c.; " to have and to hold all and singular the said parcels of land, unto the said Samuel L. Cresswell, his heirs and assigns, forever. And I do hereby bind myself, my heirs, executors and administrators, to warrant and forever defend unto the said Samuel L. Cresswell, his heirs and assigns, the said above described [lands], against myself, my heirs and assigns, and any person or persons claiming the said land, or any parcel thereof, by, under, or through me. In witness thereof," &c. This deed was duly recorded.

Cresswell sold and conveyed the land, with other tracts, to Crawford, by deed dated October 4th, 1866; but the complainant did not join in the deed with her husband. On the 1st January, 1874, Crawford conveyed all his property, including said tract of land, to Jones and Dunn, in trust for his creditors, and placed them in possession of the property conveyed. The complainant insisted, in her bill, that the deed of Mrs. Walton to Cresswell did not convey, and was not intended to convey to him, any beneficial estate or interest, but created a trust for the use and benefit of the complainant; that Crawford, as a purchaser from Cresswell, and Jones and Dunn, as trustees under his assignment, were chargeable with notice of this trust; and she alleged that the tract of land was included in Cresswell's deed to Crawford by mistake. A decree *pro confesso* was regularly entered against Cresswell. A joint and several answer was filed by Crawford, Jones and Dunn, denying the alleged mistake in including

[Cresswell's Adm'r v. Jones & Dunn.]

the lands in the conveyance from Cresswell to Crawford, but admitting the other allegations of fact contained in the bill; and they demurred to the bill for want of equity, because, with other reasons, the deed from Mrs. Walton did not create any trust in favor of the complainant. The chancellor overruled the demurrer, and, on final hearing on pleadings and proof, rendered a decree for the complainant as prayed; declaring a trust in her favor in the tract of land, vesting the legal title in her, directing the possession to be delivered to her, removing her husband as trustee, and ordering an account of the rents and profits as against Jones and Dunn.

At a term subsequent to the rendition of this decree, the chancellor reviewed it of his own motion, and rendered another decree setting it aside, sustaining the demurrer, and dismissing the bill; but this latter decree was set aside, under an order from this court on petition for *mandamus*, as unauthorized and void.—*Ex parte Cresswell*, 60 Ala. 378. The bill of review in this case was then filed, seeking to set aside the original decree on the ground of error apparent. The errors specially assigned in the bill of review were, the overruling of the demurrer to the bill, the decree holding that the deed from Mrs. Walton created a trust in favor of Mrs. Cresswell, and each part of the decree granting her relief. Mrs. Cresswell demurred to the bill of review, assigning several grounds of demurrer, and moved to dismiss it for want of equity; and her husband joined in the demurrers assigned. The chancellor overruled the demurrer and the motion to dismiss, and held that his former decree contained error apparent which would support a bill of review; and he proceeded to render a decree, setting aside the final decree in the original cause, and ordering the cause to stand upon the docket, "upon the original bill, the demurrers, and answers thereto." From this decree an appeal was taken by Mrs. Cresswell, and she here assigned it as error, together with the overruling of her demurrer to the bill of review; and on her death pending the appeal, it was revived in the name of her administrator.

WEBB & TUTWILER, for appellant.

CLARK & McQUEEN, and E. MORGAN, *contra*.

SOMERVILLE, J.—Whether an erroneous ruling on a demurrer is such an error of law apparent on the record, as would authorize resort to a bill of review, is a question of grave doubt, which has never been decided by this court. Its solution is not necessary to a decision of this cause, and

[Cresswell's Adm'r v. Jones & Dunn.]

we therefore give no opinion upon it. For a general discussion of the grounds justifying bills of review, we refer to the following authorities.—*McDougald v. Dougherty*, 39 Ala. 409 ; *Brewer v. Bowman*, 3 J. J. Marshall, 402 [s. c., 20 Amer. Dec. 160–175, note] ; *Bernadatti v. Sexton*, 2 Tenn. Ch. 699 ; *Perry v. Phillips*, 17 Vesey, 178.

We are of opinion that the chancellor erred in overruling the demurrer, and in refusing to dismiss the bill of review in this case. There was no error of law apparent in the record of the original proceedings sought to be reviewed. The decree in that cause seems to be correct. The whole equity of Mrs. Cresswell's bill turned on the proper construction of the deed of January 22, 1846, made by Justina Walton, and conveying the land in question to complainant's husband, Samuel L. Cresswell. This was before the existence of any "married woman's law" in Alabama. The conveyance was made to the husband directly, without any special words describing him as a trustee. Yet the consideration recited, in addition to a nominal one of ten dollars from the grantee, is the love and affection borne by the grantor to her daughter, Mrs. Cresswell. ·The declaration of the deed, however, is, that the land is intended as " *an advancement* " to Mrs. Cresswell, and as a "*part of her distributive* share " of the grantor's estate. The intention of the parties is the key of every written instrument. These words show, that no fee-simple title was intended to be vested in Cresswell. It was clearly intended for the use and benefit of the daughter, his wife. It is often said that no particular formality is required for the creation of a trust. If it appears to be the intention of the parties, from the whole instrument creating it, that the property conveyed is to be held or dealt with for the benefit of another, a court of equity will affix to it the character of a trust, and impose corresponding duties on the party receiving the title. It is not necessary to use the words *upon trust*, or *trustee*, if the creation of a trust is otherwise sufficiently evident.—1 Perry on Trusts, §§ 82, 158; *Marsh v. Marsh*, 43 Ala. 670. It is said in Perry on Trusts, § 151, that " no general rule can be stated, that will determine when a conveyance will carry with it a beneficial interest, and when it will be construed to create a trust; but the intention is to be gathered, in each case, from the general purpose and scope of the instrument."

The other questions, sought to be determined in this case, not having been definitely raised by the pleadings, and specifically ruled on by the court in the original cause, are not a proper basis for a bill of review. The error, if any, was such

[Smith v. The State.]

as should have been corrected by appeal.—*Noble v. Hallon-quist*, 53 Ala. 229.

The trust created by this deed in favor of Mrs. Cresswell was an *express*, and not an implied one. The instrument was duly recorded as required by law, and all purchasers were charged with notice of the defect in the title, because disclosed on the face of the deed itself.—*Corbitt v. Clenney*, 52 Ala. 480 ; *Prince v. Prince*, 67 Ala. 565.

The decree of the chancellor is reversed, and judgment is here rendered dismissing the bill of review filed in the cause by the appellees, at their costs.