# Robbins *v.* Gilligan.

### *Statutory Action in nature of Ejectment.*

1. *Conveyance by Confederate States receiver under sequestration proceedings.*—A conveyance of land, which shows on its face that it was executed by the grantor as an officer or agent of the Confederate States, in sequestration proceedings against the property of an alien enemy in 1863, is void and inoperative; and a sub-purchaser from the grantee can not claim protection as a *bona fide* purchaser.

2. *Abstract of title; admissibility of deeds as evidence.*—In a statutory action in the nature of ejectment, each party requiring an abstract of his adversary's title (Code, § 2697), the defendant may adduce as evidence deeds not embraced in the abstract furnished by him, which show that the land was sold under sequestration proceedings in the name of the Confederate States, against the person under whom he claims, as an alien enemy, and conveyed by the purchaser to the person under whom plaintiff claims; such deeds not supporting his own title, but disproving plaintiff's.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by Martin Gilligan against Martin C. Robbins, and was commenced on the 6th November, 1886. The only matter assigned as error is the exclusion of two deeds offered in evidence by the defendant, under the facts stated in the opinion of the court.

R. D. DESHON, for appellant.

PILLANS, TORREY & HANAW, *contra*.

STONE, C. J.—The present suit is a statutory real action, for the recovery of a lot of land situated in the western part of the city of Mobile. The case was tried on the issues of not guilty and ten years statute of limitations. Each party served on his adversary a written notice, requiring an

abstract of the title on which they severally relied.   The suit was instituted by Gilligan in November, 1886.

The plaintiff, Gilligan, made title as follows:   Deed from one George Mason and wife to him, dated in November, 1863, on a recited valuable consideration; possession taken under it, and continued until 1869, when the plaintiff and his father's family, of which he was an infant member, were turned out of possession, and ever afterwards remained out of possession.   The manner of eviction was not shown, but it was not claimed that it was under legal process.   No effort was made to prove title in George Mason, nor was any anterior possession shown in Mason, or in any one else under whom he asserted claim.   The deed of Mason and wife was the origin of plaintiff's title, so far as his proof informs us.

In answer to plaintiff's demand on defendant for "an abstract of the title or titles on which he [would] rely for defense" (Code, 1886, § 2697), defendant had furnished the following:   "1. Espejo grant.   2. Espejo Partition.   3. Deed dated 9th Feb., 1832, from A. Espejo to Francis Girard.   4. Deed dated 2d Dec., 1853, from heirs of Girard to R. D. Hopkins.   Defendant went into possession of the land in controversy as the tenant of R. D. Hopkins, and so continued in possession up to this suit.   He defends under Hopkins' title."

After the plaintiff had proven his case as stated above, and after defendant had read in evidence the deed from Girard's heirs to R. D. Hopkins, noted in the abstract *supra*, he, defendant, offered in evidence two deeds, the purport of which was to show the source from which Mason derived the title afterwards conveyed by him to Gilligan.   The first of these deeds was dated in March, 1863, was executed by J. Little Smith, styling himself "Receiver for the Receiver District No. one in the Southern Division of the Judicial District of Alabama."   This deed conveyed the lot in controversy to Horace Buckley, on a recited valuable consideration.   It shows on its face that it was made by Smith, not as an individual, but as an officer of the Confederate States Government.   It recites that the sale and conveyances were made "in pursuance of a decree of sequestration rendered, and an order for the sale of said lands, made by the Honorable the District Court of said Confederate States for the Southern Division of the District of Alabama, at the December term, A. D. eighteen hundred and sixty-two of said court, in the case entitled *The United States of America v. The*

[Robbins v. Gilligan.]

*Property of R. D. Hopkins*, an alien enemy." The Confederate States were then engaged in a war with the United States, and only adherents to the Government of the United States could be classed as alien enemies of the Confederate States.

The second deed offered was dated in September, 1863, was made by Horace Buckley and wife to George Mason, and recited a valuable consideration paid. It conveyed the lands in controversy.

On motion of the plaintiff, each of these deeds was ruled out, and defendant excepted. The ground of the objection and ruling was, that they were not noted on the defendant's abstract.

Counsel have failed to cite any authorities bearing directly on this question, and we ourselves have not been able to find any.—1 Amer. & Eng. Encyc. of Law, 46; Warvelle on Abstracts, pp. 2, 3, 520-1. We feel it our duty to interpret the statute by its own language.

The language of the statute is, that defendant must furnish "an abstract of the title or titles on which he will rely for defense." The defense in this case was, that the title was in Hopkins, in whose right defendant claimed to hold. Neither Smith's nor Buckley's deed formed any part of the title on which the defense rested. If they had any tendency, it was to prove that title had been devested out of Hopkins. But, being inoperative on their face, they could not devest title. They were neither intended nor calculated to support Hopkins' title. Their manifest object and purpose were to show that Mason had no title, and could convey none to Gilligan. In other words, they formed no part of defendant's title. Their only tendency was to disprove plaintiff's. And Buckley's title being illegal and worthless on its face, this was notice to his vendee, Mason, and to his sub-vendee, Gilligan. There is no ground in this case on which to rest the claim of *bona fide* purchase.—*Johnson v. Thweatt*, 18 Ala. 741; *Dudley v. Witter*, 46 Ala. 664; 3 Brick. Digest, 810, §§ 164-5; *State v. Conner*, 69 Ala. 212. It follows, that Gilligan is chargeable with knowledge of any imperfection apparent on the face of Buckley's title.

The Circuit Court erred in excluding the deeds offered in evidence.

Reversed and remanded.