[Larkin v. Haralson.]

# Larkin *v.* Haralson.

## *Bill for Partition.*

(Decided November 7, 1914. 66 South. 459.)

1. *Appeal and Error; Persons Entitled to Allege.*—An appellant may not assign as error the overruling of a demurrer interposed only by a co-respondent who did not appeal.

2. *Tenancy in Common; Possession; Effect.*—Where one co-tenant is in actual possession of land, his possession is for the benefit of all of his co-tenants.

3. *Property; Land; Possession; Ownership.*—Land not in the actual possession of anyone is constructively in the possession of the holder of the legal title.

4. *Vendor and Purchaser; Innocent Purchaser; Deeds; Recital.*—A subsequent grantee is bound by the recital in the deed to his grantor.

APPEAL from Sumter Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Hugh A. Haralson, filed originally against M. C. Foscue and others, for the sale of land for division. Decree for complainant, and respondents appeal. Affirmed.

The bill is filed on the theory that Haralson and Shepherd and Mrs. Foscue were joint owners of a certain 80 of land, deriving their title by heritage through Mrs. Irene Larkin. The title was derived in the following manner: W. R. Larkin, Mrs. Foscue, and Betty Haralson were the sole heirs of Mrs. Allen Larkin; that W. R. Larkin had sold his interest in the property to one D. J. Shepherd, who is made a party; and that Haralson had succeeded to the interest of his first wife, Betty Larkin Haralson, as sole devisee. W. R. Larkin claimed the entire interest in the land, and Shepherd set up that he was an innocent purchaser for value from W. R. Larkin, and also set up in sub-

stance that, at the time he was on a trade for the land, Haralson knew that he was on such trade, and, instead of his objecting thereto, offered to sell Shepherd lands belonging to himself.

PATTON & PATTON, and A. G. and E. D. SMITH, for appellant.

THOMAS F. SEALE, for appellee.

ANDERSON, J.—This appeal is taken by W. R. Larkin alone, who did not interpose any demurrer to the bill of complaint in the lower court, and he cannot, therefore, assign nor insist upon error, in the overruling of a demurrer interposed by his corespondent, who is not complaining of the said ruling.—*Schiff & Sons v. Andress,* 40 South. 824.

We are of opinion that the 80 acres in question belonged to the heirs of Mrs. Larkin, instead of to this appellant alone, and that the chancery court properly held that the appellee was entitled to an undivided one-third interest in same. This being true, he met the requirement of showing a possession, actual or constructive, and a present right to the proceeds in case of a sale. If the appellant was in the actual posession, his possession was for the benefit of the cotenants; and if not in the actual possession, the constructive possession was in the legal owners, of whom appellee is one.

As to the question of estoppel invoked by Shepherd, it is questionable as to whether or not this appellant can complain of the ruling in this respect, upon this appeal, since Shepherd seems satisfied with the ruling; but it is sufficient to say that the deed from the Pardues to Shepherds' immediate grantor recites the existence of the deed to the heirs, and that it was intended

[Trucks v. Sessions, et al.]

as a substitute for same.—*Corbitt v. Clenny,* 52 Ala. 480; *Creswell v. Jones,* 68 Ala. 420.

The decree of the chancery court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and DE GRAFFENRIAD, JJ., concur.