(105 So. 889)
**HYMAN et al. v. LANGSTON. (5 Div. 908.)**

(Supreme Court of Alabama. Oct. 15, 1925. Rehearing Denied Nov. 12, 1925.)

**Deeds ⬤➡️19—Aged grantor, conveying premises in consideration of promise to furnish him with comforts of life, held entitled to relief when such promises not kept.**

Aged grantor, who deeded property on consideration that grantee would care for him and furnish him with necessities and comforts of life, *held* entitled to relief by circuit court in exercise of its equity jurisdiction when promises had not been kept.

---

⬤➡️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Bill in equity by I. N. Langston against Laura Hyman, and others to cancel a deed to land and mortgages thereon. From the decree, respondents Hyman appeal. Affirmed.

Reynolds & Reynolds, of Clanton, and James J. Mayfield, of Montgomery, for appellants.

The court was without jurisdiction to cancel the deed in question. Taylor v. Thomas, 209 Ala. 50, 95 So. 475. The court exceeded its jurisdiction in decreeing that the Hymans pay to the bank the amount due on the mortgage, the prayer of the bill not asking this relief. Code 1923, § 6550; Farmers' St. Bank v. Kirkland, 200 Ala. 146, 75 So. 894; Trimble v. Fariss, 78 Ala. 260.

J. Osmond Middleton, of Clanton, for appellee.

Respondents having failed in their duty to complainant, the deed was properly canceled. Johnson v. Chamblee, 202 Ala. 525, 81 So. 27; Russell v. Carver, 208 Ala. 219, 94 So. 128; Mooney v. Mooney, 208 Ala. 287, 94 So. 131; Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127; Clarkson v. Pruett, 201 Ala. 632, 79 So. 194. There was no excess of jurisdiction in the decree. Stapler v. Hurt, 16 Ala. 799; Kent v. Dean, 128 Ala. 600, 30 So. 543; Manning v. Pippin, 86 Ala. 357, 5 So. 572, 11 Am. St. Rep. 46; Moore v. Crawford, 130 U. S. 122, 9 S. Ct. 447, 32 L. Ed. 878; Thames v. Herbert, 61 Ala. 340; Thompson v. Thompson, 107 Ala. 163, 18 So. 247.

SAYRE, J. The contention between the parties had ample statement when the cause was here on a former appeal. Hyman v. Langston, 210 Ala. 509, 98 So. 564. What was then said needs not to be repeated. Since then the evidence has been taken and the cause is now here on appeal from a final decree on pleading and proof awarding relief to complainant, appellee, as against the Hymans, but confirming the right of the mortgagee, People's Savings Bank, as an innocent purchaser for value without notice.

The weight of the evidence sustains the bill. The case closely resembles that shown in Russell v. Carver, 208 Ala. 219, 94 So. 128, and a like conclusion has been reached. The transaction by which appellants obtained a deed to the farm and dwelling house, variously estimated as worth from $5,000 to $8,000, in consideration of their promise to care for a feeble old man during the rest of his life, was, in view of all the circumstances, of more than doubtful propriety. But, aside from that, the promise upon consideration of which appellants got the deed, a promise that they would, "at all times, accord to him [appellee] that kindness, respect, love, care,

and attention due, in good conscience, from a daughter and son to a parent"—appellants are the daughter and son-in-law of appellee —as well as the more substantial promise of "all the necessities and comforts of life, including both clothing and foods," have not been kept in letter or spirit, and appellee, according to the more recent decisions of this court, is entitled to the relief awarded by the decree of the circuit court in the exercise of its equity jurisdiction. Under the statute (section 8046 of the Code of 1923), all such agreements are now voidable at the option of the grantor, except as to bona fide purchasers for value, etc., but that section, of recent enactment, is not to be looked to as authority in this cause.

The decree under review establishes the validity of the mortgage under which the bank claims, orders appellants to pay the debt thereby evidenced within 30 days, and, in the event of failure so to do, a reference is ordered to ascertain the amount of the debt and a report thereon to the court for such decree as may be proper. The bank is satisfied with the decree; appellee does not complain; and we apprehend appellants have no just grounds of complaint. The relief awarded and to be awarded in connection with the mortgage is, and will be, against appellants primarily, and secondarily, we may presume, against the property of appellee. No prayer for relief by the bank was necessary to this decree. The provisions of the decree in this respect are made as a condition of the relief sought by appellee.

The decree is affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.