## BANK OF HARTFORD v. BUFFALOW.
### (4 Div. 348.)

Supreme Court of Alabama. May 24, 1928.

1. **Deeds** ⟪92—**Rights of grantee and successors held not affected by statute adopted after conveyance (Code 1923, § 8046).**

Property right, vested in grantee as of date of deed, executed in consideration of support and maintenance for life before adoption of Code 1923, § 8046, declaring such conveyances voidable in equity at grantor's option, is not affected thereby, and same protection inures to any one holding under grantee, whether acquiring title or interest before or since adoption of statute.

2. **Deeds** ⟪155—**Equity looks with favor on protection of grantor conveying property for promise of support during declining years.**

A court of equity looks with favor on protection of grantor conveying property to a child or other trusted person in consideration of promise of support and maintenance during declining years.

3. **Deeds** ⟪145—**Whether stipulation in deed for support of grantor during life is condition or covenant is immaterial, when fraud intervenes.**

When an element of fraud intervenes, it is immaterial whether stipulation in deed that grantee shall support and maintain grantor during her life be construed as a condition or covenant.

4. **Deeds** ⟪70(1)—**Fraud is sometimes imputed to course of conduct working fraud on confiding grantor conveying property in consideration of life support.**

Fraud is sometimes imputed to a course of conduct which will work a fraud on a confiding grantor, conveying property in consideration of support and maintenance during her lifetime.

5. **Deeds** ⟪144(2), 149—**Deed requiring grantee to support grantor for life, and prohibiting sale or disposal of land by grantee without joinder of grantor, did not convey fee simple, so as to invalidate provision in restraint of alienation; performance being condition subsequent.**

Deed conveying property in consideration that grantee support and maintain grantor and provide her a home with grantee during her lifetime, and providing that "above is not a condition precedent to the passing of title," but

that "grantee shall not sell or dispose of" land during grantor's lifetime unless she joins in conveyance, and that she might have deed annulled by court proceedings if grantee failed to carry out obligations, did not pass title in fee simple so as to invalidate provision against sale or disposal as restraint on alienation; performance by grantee being made condition subsequent.

6. **Deeds** ⟪155—**"Dispose" in deed providing that grantee shall not dispose of land without grantor's joinder held to mean any disposition, including giving of mortgage, which would defeat conditions that grantee support grantor for life.**

"Dispose" in deed providing that grantee should not sell or dispose of land during grantor's lifetime, unless grantor joined in conveyance, *held* to mean any disposition, including giving of mortgage, that would defeat conditions that grantee support and maintain grantor for life; restraint on alienation being inserted to protect grantor against intervening claims of purchasers or mortgages.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dispose Of.]

7. **Mortgages** ⟪154(1)—**Vendor and purchaser** ⟪230(1)—**Grantee, including mortgagee, has notice of what appears in grantor's or mortgagor's chain of title.**

A grantee, including a mortgagee, has notice of what appears in the chain of title of his grantor or mortgagor.

8. **Mortgages** ⟪11—**Grantee can pass to mortgagee no greater estate than that defined in deed.**

Grantee can pass to his mortgagee no greater estate than that defined in his deed.

9. **Mortgages** ⟪154(1)—**Grantee's mortgagee took subject to all of grantor's equities against grantee.**

Bank to which grantee in deed, executed in consideration of his supporting and maintaining grantor during her lifetime, executed mortgage, took subject to all equities held by grantor against grantee.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill in equity by P. A. Buffalow against Leeland Buffalow and the Bank of Hartford. From a decree overruling its demurrer to the bill, the Bank appeals. Affirmed.

A. A. Smith, of Hartford, for appellant.

The bill has no equity; complainant has an adequate remedy at law. If a fee estate was created, a clause in restraint of alienation would be void. Hill v. Gray, 160 Ala. 273, 49 So. 676; Libby v. Winston, 207 Ala. 681, 93 So. 631. An estate on condition subsequent has the same qualities as an absolute estate until breach. Sherill v. Sherill, 211 Ala. 105, 99 So. 838. A mortgaging of the property would not violate the provision against disposing of it. 18 C. J. 363; 2 Words and

Phrases (2d Ser.) 80; Dallas Comp. Co. v. Smith, 202 Ala. 193, 79 So. 565; Bennett Bros. v. Dempsey, 94 Miss. 406, 48 So. 901, 136 Am. St. Rep. 584.

E. C. Boswell, of Geneva, for appellee.

Brief did not reach the Reporter.

BOULDIN, J. The bill is to cancel a deed to lands made in consideration that the grantee should support and maintain the grantor during life, and to further cancel a mortgage thereafter executed by the grantee. The Bank of Hartford, the mortgagee, demurred to the bill. From a decree overruling the demurrer, this appeal is taken.

In the granting clause of the deed, following a description of the property, are these provisions:

"The real consideration of the execution of this deed is that the grantee, Leeland Buffalow, is to support and maintain the grantor, P. A. Buffalow, his mother, during her life, and during her lifetime is to have a home with the grantee and shall enjoy and participate in the comforts of said home as any other member of the family, and the said Leeland Buffalow, the grantee, hereby assumes the obligations named, and agrees to carry the same out.

"It is further agreed and understood that the above is not a condition precedent to the passing of title to the grantee to this land, but the grantee shall not sell or dispose of this land during the lifetime of the grantor, except by her written assent, manifested by joining in the conveyance. And if the grantee should fail to carry out the obligations assumed by him and expressed above, then the grantor shall have the right, by appropriate proceeding in a court, to have this deed annulled."

The habendum clause reads:

"To have and to hold the above-described property with the conditions stated above to the said Leeland Buffalow, his heirs and assigns, in fee simple."

Then follows full covenants of warranty.

[1] The conveyance was executed in 1920, prior to the adoption of section 8046, Code of 1923, declaring such conveyances voidable at the option of the grantor by proceedings in equity.

The property right vested in the grantee by the conveyance as of its date is in no way affected by this statute. The same protection inures to any one holding under him, whether acquiring their title or interest before or since the adoption of the statute. Hyman v. Langston, 213 Ala. 685, 105 So. 889; Cox v. Hutto, 216 Ala. 232, 113 So. 41.

But the bill is not framed under the statute. It avers that:

The grantee "has wholly failed to support and maintain" the grantor, "has failed to furnish her a home, and has failed and refused to allow her to enjoy and participate in the comforts of said home, and that she (complainant) has been forced to leave the home of respondent, Leeland Buffalow, and seek support and maintenance elsewhere."

Appellant, in argument, presents two contentions in favor of the validity of the mortgage: First, that the deed passes a title in fee simple, and the provision forbidding the grantee to "sell or dispose" of the property without the grantor's joining therein is void as a restraint upon alienation; second, that the grantor's reserved rights can be no more than a condition subsequent, to be strictly construed; and so construed the clause forbidding the grantee to "sell or dispose of" does not forbid the giving of a mortgage. Appellant's contentions cannot be sustained.

[2-4] A court of equity looks with favor on the protection of a grantor, usually an old person presently or prospectively in need of the care of a child or other trusted person, and who makes a conveyance of property in consideration of promised support and maintenance during declining years. The remedy of cancellation is often the only adequate method of dealing with a breach of such condition. When an element of fraud intervenes, it is immaterial whether the stipulation be construed as a condition or as a covenant. Confidential relations between parent and child, and further implied in the nature of the transaction, impose a duty of performance quite sacred in the eye of a court of equity. Fraud is sometimes imputed to a course of conduct which will work a fraud on the confiding grantor. This court has recently considered and stated the law of the subject so fully that further discussion will not be indulged. First Nat. Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L. R. A. 1918F, 353; Johnson v. Chamblee, 202 Ala. 525, 81 So. 27; Russell v. Carver, 208 Ala. 219, 94 So. 128; Hyman v. Langston, 210 Ala. 509, 98 So. 564.

[5] The clause defining the estate conveyed in the deed before us is quite carefully drawn, clearly making performance by the grantee a condition subsequent, and expressly declaring the remedy, rather than leave it to intendment.

[6] We need not concern ourselves with the effect of the restraint on alienation as between mortgagor and mortgagee. It is clear enough that it was inserted to protect the grantor against the intervening claims of purchasers or mortgagees. To "dispose" of is quite inclusive, and, construed with the entire provision, means any disposition that would defeat the conditions under which the grant was made. Maybe no such clause was necessary, but it served the purpose of warning all persons of the grantor's rights in the premises.

[7-9] A grantee, including a mortgagee, has notice of what appears in the chain of title of his grantor or mortgagor. The grantee, son of the grantor here, could pass to the bank no greater estate than that defined in

his deed. The bank took subject to all the equities held by the mother against the son. First Nat. Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L. R. A. 1918F, 353; Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124; Prince v. Prince, 67 Ala. 565; Corbitt v. Clenny, 52 Ala. 480.

Affirmed.

ANDERSON, C. J., and SAYRE, and GARDNER, JJ., concur.