(134 So. 665)

**MICHIE et al. v. NEBRIG et al.**
**8 Div. 273.**

Supreme Court of Alabama.
April 16, 1931.

Rehearing Denied May 28, 1931.

Julian Harris and A. J. Harris, both of Decatur, for appellees.

FOSTER, J.

A short summary of the pertinent features of the transaction involved in this case is as follows:

Appellants owned a valuable tract of land suitable for a subdivision. Penny, Whitman, and Moebes undertook to purchase it. We will sometimes refer to them as the first purchasers. They first secured an option to purchase the land. On July 17th they entered into a contract to buy it, but, owing to a defect in its execution, another contract was made August 2, 1920, and recorded on that day. By it 10 per cent. of the purchase price was then paid, and 15 per cent. was to be paid January 1, 1921, when by the terms of the contract a deed was to be executed to them, and they were at the same time to execute a mortgage to secure the deferred payments to be due one, two, and three years after January 1st. They had an auction sale in July, and sold lots publicly and thereafter privately, on the same terms—10 per cent. cash, 15 per cent. January 1st, and one-fourth in one, two, and three years each. The contract provided that the sellers, appellants, would release the property sold from their mortgage upon receipt of certain cash and notes and mortgages of the purchasers.

Appellees purchased the lots in question prior to January 1st, made the cash payment, and took a receipt from the first purchasers, as their sellers. Appellants knew nothing of this transaction. On January 1st the deed and mortgage were duly signed. There was conflict in the evidence as to the date of their delivery. The purchasers did not have all the cash in bank, but needed a few days, which appellants were willing to grant. Appellants claim that the deed and mortgage were not delivered until the 7th, when both instruments were recorded. The purchasers claim that they were delivered on the 1st, but were not to be recorded until a certain amount of money was procured for appellants, and that this occurred on the 7th, on which day they themselves had both instruments recorded.

In the meantime, and on the 1st, and after delivery of the deed and mortgage, but before their recordation, appellees claim to have paid the balance of 15 per cent. of their purchase price, received a deed from the first purchasers, and executed a mortgage to them for the remaining three-fourths, and afterwards paid them the amount of it as it matured, all without notice of the mortgage to appellants recorded January 7th.

The court declined to permit appellants to introduce in evidence the option and contracts of purchase by the first purchasers from them. This was upon the theory that there was no proof of notice of their contents to appellees, the subpurchasers, and that the record was not notice, and that there was no other notice to them of the mortgage or that there were deferred payments of the purchase money. The question left to the jury was whether the deed to the first purchasers was delivered prior to the execution and delivery of the deed by them to the subpurchasers.

We observe that, when appellees became the subpurchasers of the lots manifested by the payment of a part of the purchase money and the execution of a receipt, the terms of which are not shown, their sellers, the first purchasers, had only the contract of purchase to which we have referred as evidence of their claim or title. That contract, as we have observed, stipulated that on January 1st appellants should execute a deed to the purchasers and take back a mortgage to secure three-fourths of the purchase price. Prior to the adoption of the Code of 1923, § 6854 (see Acts 1927, p. 496), there was no provision of law by which executory contracts to purchase real property were "instruments which may be legally admitted to record," which operated as notice of their contents. Section 6860, Code; Kendrick v. Colyar, 143 Ala. 597, 42 So. 110; Silvey v. Cook, 191 Ala. 228, 231, 68 So. 37. But the rule taken from the common law is firmly established that a purchaser buying real estate, of the title to which there must be evidence in writing, is chargeable with notice of what appears on the face of the writing by which the seller claims to own it (and other necessary links in the chain of title). 1 Warvelle, Vendors (2d Ed.) § 262; Corbitt v. Clenny, 52 Ala. 480; Johnson v. Thweatt, 18 Ala. 741; Burch v. Carter, 44 Ala. 115; Bradford v. Harper, 25 Ala. 337; Newsome v. Collins, 43 Ala. 656; Taylor v. Forsey, 56 Ala. 426; Sanders v. Robertson, 57 Ala. 465; Tennessee & C. R. R. Co. v. E. Ala. Ry. Co., 73 Ala. 426; Robbins v. Gilligan, 86 Ala. 254, 5 So. 568; Larkin v. Haralson, 189 Ala. 147, 66 So. 459; Marsh v. Marsh, 215 Ala. 571, 112 So. 189; Bank v. Buffalow, 217 Ala. 583, 117 So. 183; Smith v. Harbaugh, 216 Ala. 202, 112 So. 914; Wittmeir v. Leonard, 219 Ala. 314, 122 So. 330; Cirlot v. Stevens (Ala. Sup.) 132 So. 163.[1] And, also, with notice of whatever fact he would have learned by an inquiry which the recitals in such instrument made it his duty to pursue. 39 Cyc. 1713, 1714, 1716.

It is said to be the duty of the purchaser "to inquire into, and examine the title of his vendor. * * * He is charged, in law, with notice of every fact, to which this examination would have led." Sanders v. Robertson, supra.

In the case of Taylor v. Forsey, supra, an annuity was expressed in a deed to Boyd. Humphrey bought from Boyd and sold to Taylor. The deed to Boyd was not recorded so as thereby to effect notice. Held, that Humphrey and Taylor had notice of the annuity independent of the registration of the Boyd deed.

[1] 222 Ala. 271.

Registration of the deed to the seller is not necessary to charge his purchaser with notice of its contents. 39 Cyc. 1715.

So that, when appellees made their contract of purchase, the instrument of title in their sellers was the contract referred to. Of it, and its terms, appellees are chargeable in law with a knowledge as of the date of their contract. Incidentally the contract, being upon record, was easily subject to inspection. If the deed to the first purchasers dated January 1st had in fact been effectually delivered when the deed was made to appellees, by the same principle they had notice of that also. That deed recited full payment of the purchase money. But the mortgage was effective as between the parties at the same time when the deed became effective. If there had been no.previous transaction by which appellees became the purchasers of the lots, their rights would doubtless depend upon the effective date of the deed to the first purchasers, in the absence of other evidence of notice to them of the unrecorded mortgage. But, upon the assumption concluded by the principles of law to which we have referred, when appellees made the purchase in which they paid part of the purchase money and received a receipt for it, they are conclusively charged by law with notice of the contents of the contract by which their sellers claimed the right to sell. That contract provided that on January 1st a deed was to be made to them, and also that they at the same time should execute a mortgage back to appellants as security for three-fourths of the purchase price. So that on January 1st they were bound, not only to inquire if the deed had been executed, but also if the mortgage had been executed. They are therefore chargeable as though that inquiry had been made and the facts found as they existed at that time. So that they would have found either that both deed and mortgage had or had not then been executed and delivered. In either event, the claim of appellants would be superior to theirs, having knowledge or notice of the facts.

We think, therefore, that the contract of August 2d should have been allowed to go in evidence. It superseded the option and the contract of July 17th and antedated the purchase by appellees, and was the instrument under which their sellers then claimed the right to sell to them.

We need not treat the other assignments of error for the benefit of another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

